## COLLINS PARK & BELT RAILROAD COMPANY
### v. SHORT ELECTRIC RAILWAY CO. et al.

1. The right to obtain a. *supersedeas* upon a writ of error to the Supreme Court by filing an affidavit *in forma pauperis* under section 4263 of the code, extends to insolvent corporations.

2. Where a corporation buys property, giving notes for the purchase money and taking a bond for titles from the seller, with a condition in the contract of sale in favor of the seller that, upon default in payment of the purchase money, he should have the right to re-enter and resume control, the seller, upon breach of condition and upon a refusal of the purchaser to surrender the possession, may maintain an equitable proceeding for a rescission of the contract of sale and for the purpose of effectuating his right of re-entry; and under such a proceeding, the court may, upon proper pleadings, decree a rescission, direct a surrender of the purchase money notes, and decree a cancellation of the bond for titles; and no part of the purchase money having been in fact paid by the corporation, a stockholder of such corporation, who has advanced money to it for the improvement and betterment of the property purchased, is not entitled, as a condition precedent to a rescission, to have restitution to himself of the money thus advanced.

3. There being no valid legal reason against the rendition of the decree of rescission in the present case, and the same being fully warranted by the evidence, the plaintiff in error, it being the corporation indicated in the preceding note, had, under the facts disclosed by the record, no interest in the questions arising upon the distribution of the proceeds of the sale which the decree directed should be made of the property in dispute; and therefore no right of exception to any of the rulings of the judge at the trial, or to any of the terms or provisions of the decree itself. These questions concern exclusively other persons who are properly parties to the pending litigation, and who alone are entitled, on final decree, to the proceeds of the sale.
December 21, 1895.

Equitable petition. Before Judge Lumpkin. Fulton superior court. March term, 1895.

The Short Electric Railway Company brought its petition against the Collins Park & Belt Railroad Company and a number of other parties, praying for rescission of a con-

tract of sale of certain railroad property, and recovery of possession of the same; for partition by sale of the property and division of the proceeds between petitioner and two other parties, after payment of superior incumbrances; for judgment on account; for injunction and receiver, sale of the property under final decree, etc. Answers were filed by the defendants other than the Collins Park & Belt Railroad Co. On final trial the cause was heard, by consent, by the judge without a jury. He rendered a decree to which said railroad company excepted on several grounds set out. The following affidavit *in forma pauperis* was made by J. K. P. Carlton:

"State of Georgia, Fulton county. In person appeared before me J. K. P. Carlton, as president of the Collins Park & Belt Railroad Company, who on oath says that from the poverty of said Collins Park & Belt Railroad Co., that said Collins Park & Belt Co. is unable to pay the costs and give the security for the eventual condemnation money; and deponent further swears that the Collins Park & Belt Railroad is neither able to pay the cost nor give the security as required by law, in order to carry the case of the [naming the parties], in which case the bill of exceptions was certified . . . to which bill of exceptions this affidavit is attached; and that the counsel of the said Collins Park & Belt Railroad Company has advised this deponent, as president of the said Collins Park & Belt Railroad Company, that said Collins Park & Belt Railroad Company has a good cause for a writ of error. Deponent prays that this affidavit shall operate as a *supersedeas*, as if the costs had been paid and bond given."

The other material facts of the case, so far as necessary for an understanding of the questions ruled upon, are sufficiently synopsised in the opinion.

*Simmons & Corrigan*, for plaintiff in error.

*Hines, Shubrick & Felder, N. J. & T. A. Hammond, Ellis & Gray, Palmer & Read, Glenn, Slaton & Phillips, J. A. Anderson, Fulton Colville, L. Z. Rosser, Alex. & Victor Smith* and *J. W. Cox*, contra.

ATKINSON, Justice.

1. The word "person," according to section 5 of the code, includes "corporation," and the word "party," as employed in section 4263 of the code, cannot mean less than person; otherwise there is no provision of law by which a corporation can obtain a *supersedeas* to a judgment rendered against it. The mere use of the personal pronoun "his" cannot be held to limit the right of *supersedeas* to natural persons; for to place upon it the narrow construction which would limit the application of the statute to such persons would likewise limit it to persons of the male gender, whereas it was the manifest purpose and intent of the General Assembly to provide a means of obtaining a *supersedeas* in favor of any party whose interest might be affected by the judgment of a court from whose decision a writ of error lies. So we conclude that this right was extended as well to corporations as to natural persons, and that the former, by their appropriate officers, may as lawfully make the oath required to obtain a *supersedeas* by affidavit *in forma pauperis,* as it may execute a bond to accomplish the same purpose.

2. An examination of the record will show that the defendant in the present case bought of the plaintiff and two other persons the railroad property involved in the present litigation (it being at the time subject to the lien of certain encumbrances), paid no part of the purchase money, but entered into an agreement for the prompt payment of the purchase price, time being made of the essence of such agreement, and it being further conditioned that upon default of payment the sellers should have the right of re-entry. Several of the stockholders of the purchaser corporation claimed to have advanced certain moneys upon the betterment and improvement of the property purchased by it. Upon breach of covenant to promptly pay the purchase money, the sellers filed a petition praying for a rescission of the agreement, that they be permitted to re-enter, and failing

this, that the court should decree a sale of the property, and after discharging the prior encumbrances thereon, the balance of the proceeds be applied to the extinguishment of the sums respectively due to the sellers of the property.    The Collins Park & Belt Railroad Company, the defendant in the court below, made no answer, and prayed no judgment or relief of any kind.    No point was made by it that it was entitled to have anything returned to it, nor was any such claim or contention made on its behalf at the trial.    The court decreed a rescission, that the purchase money note be canceled; and upon the prayers of the cross-bill of certain creditors claiming liens upon the property, the entire railroad property and its equipment were sold, and under the decree distributed in a manner satisfactory to the plaintiff and the contending creditors. The plaintiff in error insists that the court erred in decreeing a rescission without first repaying to its stockholders moneys advanced by them for improvement and betterment of the road.    We do not think that, under the evidence submitted, there was any merit in this contention.    The agreement under which the plaintiff in error entered stipulated for a rescission and re-entry upon the part of the sellers, upon breach of the condition to pay; and the decree of the court, in so far as it was concerned, went no further than to decree a performance of this agreement. This is not a case in which rescission is sought upon equitable grounds alone independently of contract, but it rests upon an express covenant for rescission upon breach of condition, which is shown to have occurred, and therefore the doctrine of restitution to the *status quo* has no application; there is no right to restitution; there is nothing to be restored.    At most under the agreement, the plaintiff in error would not have been entitled to more than a decree directing that its claims for betterments should be allowed as a charge upon the property after all the pre-existing liens were discharged; and there was no pleading which author-

ized even this.   But it will be observed that this money was not paid by the purchaser corporation itself for betterments, but was advanced to it by its individual stockholders for that purpose.   Certainly in favor of such stockholders, who are mere general creditors of the corporation, the right of rescission should not be postponed until restitution of such funds.   The effect of such a ruling would be to give to such creditors a preference over creditors holding pre-existing liens.   So it cannot be said that the court erred in decreeing a rescission without reference to the claims of such individual stockholders.   Besides, it would seem that these stockholders were the proper persons to make that question, if they conceived that they had an interest.   The corporation was not their guardian and was not entitled to object for them; but inasmuch as the question of the right of the corporation to represent them was not made, we have preferred to examine the question as though through their supposed equities the corporation could call in question the decree of the court directing a rescission.

3. The evidence fully authorized the decree of rescission; and inasmuch as the contract being rescinded the property was restored to and became the property of the sellers, the court had authority under the pleadings filed to proceed through its receiver to sell the property and distribute its proceeds according to the equities of the several conflicting claimants of the fund.   It is obvious that in this distribution the purchaser corporation had no concern.   It had no reversionary interest which it sought by appropriate pleadings to protect, and if as between the several contestants before the court errors were committed (and that there were we do not concede), such errors were harmless in so far as the purchaser corporation was concerned, and therefore afford on its behalf no cause either of complaint or exception. For this reason we do not deem it profitable to inquire into the various exceptions taken to the rulings of the court made in adjusting the equities between the conflicting

claimants. With the final distribution by the decree they are satisfied, and we acquiesce.    *Judgment affirmed.*