## HORTON *v.* THE STATE.

BECK, J. 1. It appearing that after the trial judge had excluded evidence offered by counsel for the defendant to show that the deceased habitually carried a weapon of a given character, he announced that evidence of the character stated would be admitted, but counsel did not offer the testimony again, the ruling as originally made, even if erroneous, affords no ground for a new trial. If error was committed, it was cured; it not appearing that the witness whose testimony had been excluded was no longer in attendance upon the court.

2. A new trial will not be granted because of the exclusion of evidence apparently irrelevant and immaterial at the time it was offered, but which the testimony of a witness subsequently put upon the stand showed to be relevant and material. When the materiality of the rejected evidence was made to appear by the testimony coming in subsequently, it should have been offered again. Had it then been offered, the court would, it is to be presumed, have admitted it.

3. Grounds of a motion for a new trial not urged in the brief of counsel for plaintiff will be treated as abandoned.

4. There was sufficient evidence to support the verdict, and the judgment of the court below refusing a new trial is

*Affirmed. Fish, C. J., absent. The other Justices concur.*

Submitted March 18,—Decided April 9, 1907.

Indictment for murder. Before Judge Reagan. Spalding su‑ perior court. February 6, 1907.

*J. D. Boyd* and *T. E. Patterson,* for plaintiff in error.

*John C. Hart, attorney-general, O. H. B. Bloodworth, solicitor- general,* and *W. P. Bloodworth,* contra.