### 6861.   QUITMAN OIL COMPANY et al. v. McREE.

RUSSELL, C. J.   1.   A paper purporting to be the charter of an alleged corporation and attached to the defendant's plea can not be considered as proof of incorporation, unless tendered in evidence and admitted for that purpose.

2. The name of the defendant company imports a corporation, but, it not appearing from its charter (the same not having been introduced) that a subscription by it to the capital stock of another corporation, for the purpose of erecting and conducting a ginnery, was ultra vires, and it further appearing that the subscription was ratified by payment of a part of the amount thereof, the court did not err in directing a verdict against the defendant company.

3. While a corporation can not become a member of a partnership (*Gunn v. Central Railroad*, 74 *Ga.* 509, 512; *S. C. & Ga. R. Co.* v. *Augusta R. Co.*, 107 *Ga.* 164, 179 (33 S. E. 36); Thomp. Corp. (1st ed.) § 8380), yet in the absence of any restriction, in the grant of corporate powers, prohibiting a corporation from subscribing to the capital stock of another corporation, and especially where its charter confers upon it power to buy and sell "personal property of every description," it would not be ultra vires for the corporation to purchase by subscription, as personalty, such corporate stock. And even though a corporation can not generally be held liable as a partner, it may, as coadventurer in the promotion of a proposed corporation, be held liable, as a co-obligor, for any debts created in furtherance of the objects for which it was incorporated.

4. There being no material difference in the testimony adduced on the present trial and that which was introduced upon a former trial, which was reviewed by this court (*McRee* v. *Quitman Oil Co.*, 16 *Ga.* *App.* 12, 84 S. E. 487), a finding for the plaintiff was demanded.

*Judgment affirmed.*

DECIDED MAY 19, 1916.

Complaint; from city court of Quitman—Judge Long.   July 13, 1915.

*Bennet & Harrell,* for plaintiffs in error.

*Whitaker & Dukes, Branch & Snow,* contra.