25154.   BRUNSWICK TIMBER COMPANY *v.* GUY.

DECIDED FEBRUARY 13, 1936.

*Walter Thomas, H. F. Rawls,* for plaintiff in error.

*Harry M. Wilson,* contra.

SUTTON, J. 1. The Brunswick Timber Company, a corporation, filed a bill of exceptions complaining of the judgment of the superior court affirming an award of the Department of Industrial Relations against it, and executed a pauper affidavit pursuant to the Code, § 6-1002. The defendant in error filed his motion to dismiss the writ of error, on the ground that the plaintiff in error, a corporation, was not a pauper, setting out that the corporation owned certain designated assets. An insolvent corporation may make a pauper affidavit under this Code provision. *Collins Park &c. R. Co.* v. *Short Electric R. Co.,* 98 *Ga.* 62 (25 S. E. 929). In reply to this motion, the corporation contends that it is insolvent and unable to pay the costs or give bond. However, there is no merit in the motion to dismiss. "If the proper pauper affidavit is filed, counsel for the plaintiff in error is relieved altogether from the payment of costs, and the plaintiff in error is entitled to have his case heard without further question. There is no provision of law authorizing a traverse of this affidavit, or an investigation to be entered into as to the truth of its statements." *Sigman* v. *Austin,* 112 *Ga.* 570, 576 (37 S. E. 894). The motion to dismiss is denied.

2. The defendant in error received an injury arising out of and during the course of his employment, and compensable under the workmen's compensation law of this State. He claimed that he was under the immediate direction of Busbee, and that Busbee and the corporation, plaintiff in error, were partners in the enterprise that was being carried on at the time the defendant in error was injured, to wit the logging and sawmilling of certain timber. The plaintiff in error denied that the defendant in error was working for it, and denied that it was engaged in a partnership enterprise with Busbee; but contended that Busbee was an independent contractor, and that the defendant in error was injured while working for an independent contractor, and could not hold the plaintiff in error responsible for compensation on that account. The matter was heard before a member of the industrial commission, who found in favor of the claimant, and that finding was approved by

the entire department. The superior court, on appeal, affirmed that judgment. The defendant in error contends that under a proper ·construction of the contract between Busbee and the Brunswick Lumber Company the relationship was that of partners, and that the company is liable to him for compensation. This contention, regardless of the proper construction of the contract, is not good. It is a well-settled principle of law that a corporation can not enter into a partnership agreement, at least in the absence of an express grant of power so to do; and that such right, not being one common to corporations, will not be presumed. See *Gunn* v. *Central R.,* 74 *Ga.* 509; *Emmett* v. *Dekle,* 132 *Ga.* 593, 600 (64 S. E. 682); *Davis* v. *Savannah Lumber Co.,* 11 *Ga. App.* 610 (4 a) (75 S. E. 986); *Wallis* v. *Heard,* 16 *Ga. App.* 802, 811 (86 S. E. 391); *Quitman Oil Co.* v. *McRee,* 18 *Ga. App.* 128 (3) (88 S. E. 921).

3. It follows that so much of the award as found in favor of the claimant against the Brunswick Lumber Company, a corporation, on the theory that it was liable as a copartner with Busbee, by virtue of the terms of the contract between them, in the enterprise in which they were engaged when the claimant was injured, was erroneous, and the superior court erred in affirming the award. Busbee did not appeal from the finding against him.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*