40085. SAMPLES, Executor v. SAMPLES.

GRANTED MARCH 8, 1963—
MOTION TO VACATE DENIED MARCH 13, 1963.

*John H. Hudson, Pauline E. Cousins,* for plaintiff in error.
*Charles H. Bruce,* contra.

EBERHARDT, Judge. ■ Since the president of a corporation whose affairs are under his management may, on behalf of the corporation, make an affidavit in forma pauperis for obtaining a supersedeas, as provided in *Code* § 6-1002, *Collins Park &c. R. Co. v. Short Electric R. Co.,* 98 Ga. 62 (25 SE 929) ; *Glenn Street Baptist Church, Inc. v. Stalls,* 41 Ga. App. 366 (153 SE 76) ; *Brunswick Timber Co. v. Guy,* 52 Ga. App. 617 (184 SE 426), we think that it must follow that the executor of a will may likewise do it on behalf of the estate which he administers. Just as it was not required that the corporate officer swear to his own poverty, but to that of the corporation, the executor need not do so. He litigates here not for himself, but for the estate. That he may, as a legatee or devisee under the will, have

some ultimate interest in the outcome of the litigation no more affects the situation than does the ultimate interest of the corporate officer as a stockholder in the corporation.

■ Prior to the act of 1955 (Ga. L. 1955, p. 584), now *Code Ann.* § 24-3413, there was no provision of law for traversing the affidavit. *Sigman v. Austin,* 112 Ga. 570, 576 (37 SE 894); *Brunswick Timber Co. v. Guy,* 52 Ga. App. 617, supra. The executor's affidavit here was sufficient to comply with the requirements of *Code* § 6-1002 (2), but the traversing affidavit made no countershowing as to the condition of the estate of J. T. Samples. Supersedeas should not have been denied; the motion here is

*Granted. Felton, C. J., and Russell, J., concur.*

## ON MOTION TO VACATE.

EBERHARDT, Judge. Defendant in error has filed a motion to vacate the supersedeas urging that since Wesley Hugh Samples filed the caveat to the application for a year's support by the widow both in his capacity as executor of the will of J. T. Samples and in his capacity as a legatee under the will, and appealed the award of the assessors to the superior court likewise in both capacities, the countershowing as to his lack of poverty on the question of supersedeas was sufficient and that a denial was proper, and upon the further ground that the issue is moot because, after the denial by the trial court on the countershowing but before the entering of our order on March 8, 1963, the defendant in error alienated her title to the property set apart to her.

■ Defendant in error cites *Walker v. Equitable Mortgage Co.,* 114 Ga. 862 (2) (40 SE 1010) as authority for the first ground of her motion to vacate, but that case does not require a vacation of the supersedeas. It appears there that in the bill of exceptions all of the plaintiffs in the trial court were joined as plaintiffs in error in the bill of exceptions, and all save one made a pauper's affidavit to avoid payment of costs in the Supreme Court. The one plaintiff in error who did not join in the affidavit was stricken as a party because his name "had been inserted in the bill of exceptions by mistake." The Supreme Court simply held that this did not relieve him from the payment

of costs, saying that he "was a party to the case in the court below and the writ of error was prosecuted in his name. He is therefore liable for costs. If his name was inserted in the bill of exceptions by mistake, he must look for reimbursement to the person by whom the mistake was committed."

While Wesley Hugh Samples, in his individual capacity, was a party to the caveat and to the appeal, it does not appear that he was a party to the motion for new trial and he is not named as a party in the bill of exceptions which was sued out only by him as executor of the will. Individually, he has never been a plaintiff in error. This ground of the motion is without merit.

■ Since it appears that the affidavit filed by the executor was sufficient to comply with the requirement of *Code* § 6-1002 our order granting the supersedeas was really unnecessary, for under the provision of the section "the bill of exceptions thus filed shall operate as a supersedeas *upon the plaintiff in error complying.*" If, as we have held that it did, the affidavit complied, the supersedeas was provided from the time of the compliance, i.e., the filing of the affidavit. The attempt of the widow to alienate the property can not render the matter moot.

*Motion denied. Felton, C. J., and Russell, J., concur.*