23535, 23536. SMITH v. SMITH; and vice versa.

314

*Westmoreland, Hall & Pentecost, John Westmoreland, M. K. Pentecost,* for appellant.

*Charles J. Driebe, Wallace, Wallace & Driebe,* for appellee.

Grice, Justice. This review involves rulings as to temporary alimony, attorney's fees, contempt of court, and evidence. The rulings were made as a result of an application filed in the Superior Court of Clayton County by William P. Smith, Jr., against Eloise Dell Jones Smith, for reduction of a previous award of temporary alimony, and of the wife's application for increase of that award, additional attorney's fees, and attachment of the husband for contempt for failure to pay the temporary alimony previously awarded. The trial court heard these applications together and denied both requests to modify the alimony award, awarded additional attorney's fees, and adjudged the husband in contempt but provided that he could purge himself by making periodic payments of the arrearage. Thereupon the husband filed this appeal complaining of the refusal to reduce the alimony, the award of additional attorney's fees, and the contempt finding. The wife, by cross appeal, enumerated as error the denial of her request to increase the alimony, the failure to grant a larger amount of additional attorney's fees, the provision of opportunity to the husband to purge himself of the contempt, and also two evidentiary rulings made upon the hearing.

■ As to the denial of both the wife's and the husband's request to modify the previous temporary alimony award, the additional amount of attorney's fees awarded, and the finding of contempt but affording opportunity to purge, these have long

been recognized as matters within the sound discretion of the trial court, and the dispositions made will not be disturbed unless an abuse of discretion is shown. No new principles of law are involved.

Considerable testimony was presented concerning events transpiring since the previous award of temporary alimony. Likewise, much financial data was submitted. A recital here of even the substance of this testimony and data would be extensive and would serve no useful purpose. From it, each side made deductions which it considered favorable to it. The trial court arrived at conclusions which we consider to be well within the range of what was authorized by the evidence. Therefore, no error was committed as to these matters of alimony, attorney's fees, and contempt.

■ We come now to the first of the evidentiary rulings enumerated as error on the cross appeal, the allowance of and refusal to exclude testimony as to the wife's alleged misconduct upon the ground that this was known to the husband at the time of the previous hearing. This contention is not valid in view of *Code* § 30-205 which authorizes the trial court in fixing the amount of temporary alimony to inquire into the cause and circumstances of the separation. Whether the wife was guilty of misconduct was germane to that inquiry since it tended to show such cause and circumstances. Also, here both parties reopened the issue of alimony. Therefore, *Scott v. Scott*, 146 Ga. 766 (92 SE 519) is distinguishable.

■ Nor do we find error in the trial judge's refusal to allow the wife's counsel to see the entire memorandum from which a witness for the husband refreshed his recollection. This was a private document, a work paper of the witness, and opposing counsel was not entitled to examine it. See *Adams v. State*, 34 Ga. App. 144 (1) (128 SE 924); *Ellison v. Robinson*, 96 Ga. App. 882 (7) (101 SE2d 902).

*Judgment affirmed on appeal and cross appeal. All the Justices concur.*