## 52029. STANLEY v. STANLEY et al.

MARSHALL, Judge.

The question presented in this appeal is whether the order of the trial court is supported by evidence of record.

The appellant-wife brought garnishment proceedings in September, 1975, against the United States of America (garnishee) to garnishee the appellee husband's military retirement pay. The appellee moved to dismiss the garnishment proceeding on the ground, inter alia, that the statute of limitation had run on the appellant's right to enforce the divorce decree. Appellant contended that the statute of limitation was tolled while her husband was out of state.

The trial court ordered a hearing on the motion to dismiss. At the hearing, appellee was not present, but his attorney stated that appellee was divorced from his wife in 1953; that there were two minor children of the marriage, Cynthia and Rudolph, ages 13 and 9, respectively, at the time of the divorce decree; that under the decree appellee was to pay $75 per month per child until each reached the age of 18 or ceased to be enrolled in school; that, as a matter of mathematics, the younger child reached age 18 in 1961; that Georgia's dormancy and revival of judgments statute, Code Ch. 110-10, applied to alimony payments under the ruling of *Bryant v. Bryant,* 232 Ga. 160 (205 SE2d 223); and that because the period for revival ended in 1971, the garnishment proceeding was brought too late.

Counsel for appellant objected to appellee's counsel testifying as to facts. Appellee's counsel showed some documents — a final divorce decree and an agreement between the parties — to appellant's counsel and to the trial judge, but same were never offered into evidence. No documents were introduced showing the ages of the children at the time of the divorce.

The trial court granted the motion to dismiss and appellant-wife appeals. *Held:*

There is no doubt that the trial court's ruling was based on its conclusion that the statute of limitation had run and the divorce decree was no longer enforceable. This conclusion could only be reached if the younger of the two children was 9 years old or older at the time of the divorce decree and was not enrolled in school after reaching age 18, so that the statute of limitation began to run in 1961. Yet there is nothing in the record, other than the statements of appellee's counsel, to show these facts. It is true that the divorce decree was properly made a part of the record by a proceeding to supplement the record under § 6-805 (f) of the Appellate Practice Act (Code Ann. § 6-805 (f)), but this document does not reveal the ages of the children or whether they were enrolled in school after reaching age 18.

It is elementary that documents upon which a party rests his case must be offered into evidence. *Holley v. Lawrence,* 194 Ga. 520 (22 SE2d 154); *Quitman Oil Co. v. McRee,* 18 Ga. App. 128 (88 SE 921). A mere statement of the party's contention is not a sufficient offer. *Middle Ga. &c. R. Co. v. Reynolds,* 99 Ga. 638 (26 SE 61). See Green, The Georgia Law of Evidence § 11 (1957); 11 EGL, Evidence, § 10. In the present case, the trial court considered evidence which was not marked, tendered or admitted into evidence.

The case must be reversed.

*Judgment reversed. Pannell, P. J., and McMurray, J., concur.*

ARGUED APRIL 7, 1976 — DECIDED MAY 7, 1976.

*Araguel & Sanders, Jerry D. Sanders,* for appellant.
*Grogan, Jones, Layfield & Swearingen, William C. Rumer,* for appellees.