W. *Donald Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney,* for appellee.

## 56533. CANADY v. THE STATE.

BIRDSONG, Judge.

Canady appeals his conviction, by a jury, of rape. *Held:*

1. "As to the general grounds, this court is bound by the 'any evidence' rule and must accept the state's version of the evidence, as was done by the jury and the trial judge." *Franklin v. State,* 136 Ga. App. 47, 48 (220 SE2d 60). The evidence presented at trial satisfied the "corroboration" requirement of former Code Ann. § 26-2001. *Burnett v. State,* 236 Ga. 597, 598 (225 SE2d 28).

2. Appellant urges that the trial court erred in excluding a line of cross examination which sought to establish the purpose for which appellant ordinarily used a pair of "scissors" which the prosecutrix stated appellant had used to coerce her into sexual intercourse. Specifically, defense counsel was attempting to establish that appellant customarily used these "scissors" for smoking marijuana.

"The scope of cross examination lies largely within the discretion of the trial court. It will not be disturbed by this court unless it is shown that there has been an abuse of that discretion. *Davis v. State,* 230 Ga. 902, 904 (3) (199 SE2d 779); *Kessel v. State,* 236 Ga. 373, 375 (223 SE2d 811). The right to a thorough and sifting cross examination is not abridged by the action of the judge in confining it to matters that are in some manner relevant to the issues of the case on trial. *Sheffield v. State,* 124 Ga. App. 295, 296 (183 SE2d 525). See *Mitchell v. State,* 236 Ga. 251 (233 SE2d 650); *Eades v. State,* 232 Ga. 735, 737 (2) (208 SE2d 791); *Bailey v. State,* 138 Ga. App. 807, 808 (227 SE2d 516); *Allen v. State,* 137 Ga. App. 302, 303 (223 SE2d 495)." *Allanson v. State,* 144 Ga. App. 450, 454 (241 SE2d 314). We agree with the trial court that, regardless of the purposes to which appellant ordinarily put his "scissors," such purposes had little or no relevance to the

manner in which the "scissors" were used against the prosecutrix. This enumeration is without merit.

3. "Recent decisions have broadly construed the right to impeach one's own witness under [Code Ann. § 38-1801]. [Cits.] A statement by the district attorney that he has been surprised by the testimony is sufficient, in the absence of a showing to the contrary, to show entrapment. [Cit.] The trial court was justified in permitting the cross examination and impeachment." *Thomas v. State,* 239 Ga. 734, 736 (238 SE2d 888). See *Ellenburg v. State,* 239 Ga. 309 (236 SE2d 650); *Wilson v. State,* 235 Ga. 470 (219 SE2d 756).

4. The trial court did not express an opinion as to the guilt of the appellant by charging the jury: "You are concerned only with the question of guilt or the innocence of the defendant on trial at this time." *Douglas v. State,* 132 Ga. App. 694 (2) (209 SE2d 114).

5. The trial court charged the jury that, in assessing the credibility of the appellant's testimony, "you have a right to take into consideration the fact that he is interested in the result of the prosecution. . ." We have examined the charge in its entirety and conclude that such language, in context, was not reversible error. *Blair v. State,* 144 Ga. App. 118, 119 (4) (240 SE2d 319).

6. A trial judge may not judicially note a prior conviction in his own court without compliance with Code Ann. § 27-2503. *Paschal v. State,* 139 Ga. App. 842, 845 (229 SE2d 795). However, the burden is upon the appellant asserting error to show it affirmatively by the record. *Roach v. State,* 221 Ga. 783 (147 SE2d 299). There is nothing in the record of this case to establish that the trial judge's knowledge of appellant's prior convictions in his own court resulted in an increased sentence. *Chandler v. State,* 143 Ga. App. 608 (239 SE2d 158). See *Munsford v. State,* 235 Ga. 38 (218 SE2d 792).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Argued September 20, 1978 — Decided October 18, 1978.

*Westmoreland, Patterson & Moseley, Thomas H. Hinson,* for appellant.

*W. Donald Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney,* for appellee.