## 34157. JACKSON v. THE STATE.

PER CURIAM.

Eloise Jackson, a/k/a Eloise Jones appeals from a conviction of murder with a life sentence. There were several eyewitnesses who saw the appellant stab the victim. Her defense was that she had stabbed him because she was afraid that she would be killed because of the beating she had sustained and the fact that the deceased had been drinking and using drugs.

The sole enumeration of error contends that the trial court erred in refusing to allow appellant's counsel to

examine the report of the State Crime Laboratory's expert witness concerning her analysis of the victim's blood. This witness was called by the state and on direct examination requested permission to refer to her notes to refresh her memory. Her testimony was used to show there was human blood on one of the knives introduced by the state. On cross examination the witness testified that she did not know whose blood was on the knife and that the identification of the blood was not part of her notes. Appellant contends that the report was needed on cross examination to determine whether the state's expert witness had determined from an analysis of the victim's blood if that blood showed a significant percentage of alcohol and drugs to the point that appellant's testimony was corroborated as to the condition of the victim at the time his death took place and as to whether she was justified in her fear of him. We find no error. The appellant had no right to examine the witness' notes which were used to refresh her memory. *Smith v. Smith,* 222 Ga. 313 (149 SE2d 683) (1966).[1] Also, the appellant has not shown that the lack of the material impaired her defense so as to deprive her of a fair trial. *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978).

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 13, 1978 — DECIDED DECEMBER 5, 1978.

*Davis, Davidson & Hopkins, Jack S. Davidson, Robinson, Harben, Armstrong & Millikan, Sam Harben,* for appellant.

*Nat Hancock, District Attorney, Richard J. Burkett, Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.

---

[1] However, as to the desirability of this rule, see 29 Encyclopedia of Georgia Law, Witnesses, § 29.