## 35985. McEACHIN v. THE STATE.

UNDERCOFLER, Chief Justice.

Appellant was convicted of the shotgun murder of John Joyce during the robbery of the Rusty Nail, a wine and beer store in Hazelhurst. He was sentenced to life imprisonment. He appeals, enumerating seven errors. We affirm.

1. A review of the record in this case in the light most favorable to the prosecution shows a rational finder of fact could have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The state's evidence, including testimony of an oral confession, showed appellant and his 16-year-old brother loaded a Volkswagen van with appellant's trail bike and went to a spot about 100 yards north of the Rusty Nail. They planned to rob it. The younger brother rode the bike to the store's drive-in window and ordered beer. To get it, the victim went to the rear of the store. Appellant went in the front door holding a Remington 16-gauge shotgun. The victim had been counting the day's receipts. He was holding a .22 Magnum pistol in his hand when he turned toward appellant, who shot Joyce in the head, killing him instantly. Appellant then walked behind the counter, picked up the store receipts and the .22 Magnum pistol and left the store. The younger brother rode appellant to the van, then followed him as he drove down several dirt roads to Hinson's Landing. There, the two burned all checks and buried the guns. Later, appellant hid the cash stolen in a jar under his girl friend's house. He then drove the van to Lumber City.

Investigation produced witnesses who testified a van followed by a motor bike had passed their properties around midnight of the day of the killing heading for Hinson's Landing and had returned early the next morning. Tire tracks at Hinson's Landing showed one of the vehicles had a rear tire worn thin and slick. Another witness told of seeing a van followed by a bike on the road to Lumber City.

GBI Agent Abernathy observed a van fitting the description given by this witness sitting at Cook &

Company in Lumber City. Its left rear tire was worn thin and slick. Abernathy knew appellant and subsequently interviewed him twice after stating appropriate Miranda warnings. Appellant subsequently confessed and led officers to the cash, guns, and to the site where the checks were burned. Other testimony corroborated details given in the confession. Following a Jackson-Denno hearing, a jury made an independent determination that the confession was voluntary.

2. Appellant's demurrers to the indictment were properly overruled. Appellant was charged in two counts with malice murder and armed robbery. The state's evidence proved appellant killed Joyce, then robbed the store. The court charged only on malice murder and the jury returned a verdict as to that charge only.

The indictment was also not affected by the notice of aggravating circumstance given to appellant. It showed the state would seek the death penalty and would rely upon the armed robbery occurring coincident with the murder as an aggravating circumstance. Appellant contends the notice of aggravating circumstance made it appear that the state would proceed upon *felony* murder and armed robbery counts, the latter a lesser included offense of felony murder. This confused the indictment, made it duplicitous and misleading as to what charges appellant must defend against.

Nothing in the notice of aggravating circumstance warrants a belief that the state would not proceed on a malice murder count. Appellant was fully apprised that he would have to defend against the armed robbery evidence presented during the trial-in-chief. Neither the state nor the appellant offered any evidence in aggravation or mitigation beyond those facts and circumstances already in the record. The court charged the death penalty could be awarded if the jury found from the evidence that the murder was committed during the commission of a capital felony, to wit, armed robbery. The jury did not return a verdict for the death penalty. Enumerations of error 2 and 3 are without merit.

3. Enumeration 4 is also without merit. Appellant asked for additional time to prepare special demurrers to the notice of aggravating circumstances during argument

following the call of the case for trial. At counsel's request, the court permitted him time to dictate his demurrers to the court reporter for transcription, thus perfecting the record. Appellant made no further objection or request for continuance. Nothing in this record shows an abuse of discretion. Code Ann. § 81-1419. *Marshall v. State,* 239 Ga. 101, 102 (236 SE2d 58) (1977).

4. It was not error to permit Agent Abernathy to testify regarding appellant's confession. The initial interviews with him were exculpatory of any involvement in the crimes; however, during the second interview, appellant volunteered to take a polygraph test.

While alone with the polygraph examiner during pre-test questioning, appellant suddenly confessed. The examiner notified Abernathy who again administered the Miranda warnings and secured a written waiver before taping the confession. Though appellant was not placed under arrest at this time, he was not free to leave. See Orozco v. Texas, 394 U. S. 324 (89 SC 1095, 22 LE2d 311) (1969).

We conclude the state met its burden of showing voluntariness and waiver of counsel prior to questioning by a preponderance of the evidence. *High v. State,* 233 Ga. 153 (210 SE2d 673) (1974). Enumerations of error five and six are without merit.

5. During cross examination, appellant had no right to examine Agent Abernathy's notes used while testifying to refresh his memory. *Jackson v. State,* 242 Ga. 692 (251 SE2d 282) (1978); *Shouse v. State,* 231 Ga. 716, 718 (5-b) (203 SE2d 537) (1974); *Smith v. Smith,* 222 Ga. 313, 315 (149 SE2d 683) (1966).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 22, 1980 — DECIDED APRIL 9, 1980.

*J. Laddie Boatright,* for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson, III, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.