## 59200. HADDEN v. OWENS et al.

SMITH, Judge.

This is an action for the wrongful death of a child. Appellee Owens backed an automobile into and over the one-year-old child of appellant. Appellant brought suit seeking damages against both Owens and her employer and now brings this appeal from an adverse jury verdict. Appellant cites as error the trial court's allowing certain hearsay testimony into evidence; the court's charges as to agency; the court's refusal to permit Owens to be cross examined regarding the police accident report; and the court's refusal to charge Code Ann. § 68A-705. We affirm.

The testimony showed that appellant had legal custody of the child pending a final divorce decree; that at the time of the accident,

the child was staying with its father and his roommate; that appellant knew the roommate would be caring for the child during the day and agreed to this; and that appellant had seen the roommate with the child on the day of the accident. The child broke away from the roommate in a parking lot and ran behind Owens' moving automobile, resulting in the accident which caused the child's death. Appellees stipulated that Owens was in the course of her employment and acting as the agent of her employer at the time of the accident.

1. Appellant complains of the trial court's ruling which allowed the investigating police officer to testify as to statements made to him by the roommate. Although such testimony was hearsay, it was nonetheless admissible in this case under Code § 38-405 (2), which provides: "The admissions by third persons, strangers to the suit, shall be received in evidence . . . 2. Admissions by a third person against his interest, as to a fact collateral to the main issue between the litigants but essential to the adjudication of the cause." The roommate was not a party to the suit. Her statements constituted an admission against interest, reflecting a failure on her part to properly care for and control the child while in her custody. This testimony was to facts collateral to the main issue in the case, which was the negligence of appellees. However, it was essential to the adjudication of this cause since whether or not the roommate's actions were the proximate cause of or contributed to the accident necessarily determined appellees' negligence and the extent of their liability. Hence, appellant's first enumeration of error is without merit.

2. The investigating officer was cross examined regarding a conflict between his direct testimony and the contents of a diagram on the accident report which he had prepared. Notwithstanding an earlier assertion that the accident report contained hearsay, appellant assigns as error the court's refusal to allow Owens to be cross examined as to its contents. Appellant contends that the report contained important factors for the jury to consider as to the merits of her case.

"It is elementary that documents upon which a party rests his case must be offered into evidence." *Stanley v. Stanley,* 138 Ga. App. 560, 561 (226 SE2d 800) (1976). The accident report was identified by the officer and marked as a defense exhibit, but it was never tendered into evidence. During the cross examination of Owens, appellees offered to allow appellant to admit the report into evidence, but appellant took no action in that regard. Therefore, appellant's second enumeration of error is without merit.

3. Several enumerations cite as error the court's charge

relating to the issue of whether or not the roommate was acting as appellant's agent at the time of the accident. " 'The relation of principal and agent arises whenever one person, expressly or by implication, authorizes another to act for him ...' Code § 4-101. Proof of agency may be made by showing circumstances, apparent relations, and conduct of the parties. [Cits.]" *Bearlund v. Webb,* 127 Ga. App. 555, 557 (194 SE2d 328) (1972). As the evidence here was sufficient to prove the disputed principal-agent relationship, appellant's enumerations of error Nos. 3, 4, 5, 6, 7, 8, 9 and 11 are without merit.

4. Appellant's tenth enumeration cites as error the court's failure to charge Code Ann. § 68A-705 (Ga. L. 1974, pp. 633, 667) which sets forth the rules of the road when emerging from an alley, driveway or building. "It is the duty of the court to charge the jury on the law applicable to the issues made by the pleadings and the evidence. [Cit.]" *Bone Construction Co. v. Lewis,* 148 Ga. App. 61, 63 (250 SE2d 851) (1978). The statute was not pleaded in the complaint nor was a violation thereof alleged as negligence per se. Although the accident occurred as Owens was backing out of a parking space in a parking lot, there was no evidence that she was, in the language of the statute, "emerging from an alley, building, private road or driveway" or that there was a "sidewalk or . . . sidewalk area extending across" the area where the accident occurred. "Consequently, substantial portions of the statute, omission of which from the charge is assigned as error, are impertinent, having no relevancy to either the pleadings or the evidence. If any part or portion of the omission alleged to be erroneous is itself impertinent, irrelevant or improper the assignment of error must fail. [Cits.]" *Brown v. Kirkland,* 108 Ga. App. 651, 654 (134 SE2d 472) (1963). Notwithstanding appellant's written request, the court's refusal to charge the statute was not error. See *White v. State,* 230 Ga. 327, 338 (7) (196 SE2d 849) (1973).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED JANUARY 16, 1980 — DECIDED APRIL 29, 1980.

*Alvin Leaphart,* for appellant.
*Richard A. Brown, Jr., John Gayner,* for appellees.