## 59842. JONES et al. v. THE STATE.

SOGNIER, Judge.

James T. Jones and his wife, Kathryn Janice Jones, were convicted in the Superior Court of Clayton County of four violations of the Georgia Controlled Substances Act (Code Ann. § 79A-801 et seq.). On appeal, they contend the trial court erred (1) by not making a police officer's notes, used to refresh his memory, available to the defense prior to cross-examination of the police officer; (2) by not conducting an inquiry into the status of a person present at appellant's home when the contraband was seized; (3) by not requiring the inventory of items seized to be provided to the defense on request; and (4) by referring to appellants as "prisoners at the bar."

1. In regard to Enumeration 1, a police officer used notes to refresh his memory while testifying, and appellants asked to see the notes prior to cross-examination; this request was denied. Our Supreme Court has held that an appellant has no right to examine notes used by a witness to refresh his memory. *Jackson v. State,* 242 Ga. 692, 693 (251 SE2d 282) (1978). Appellants also contend that because a Brady motion was filed (Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)) they were entitled to see the notes. However, a defendant is not entitled as a matter of right to receive copies of police reports and investigative reports made in preparing the case against a defendant. *Nations v. State,* 234 Ga. 709 (217 SE2d 287) (1975). Thus, even if the Brady motion had been granted, there would be no requirement that the police officer disclose his notes. We note parenthetically that in the order denying the Brady motion the court stated that "[T]he assistant district attorney stated in his place that he had in his possession no items or information favorable or

arguably favorable to the defense."

2. Appellants contend the trial court erred by denying their request for the return of items seized from their home at the time of their arrest.

Code Ann. § 27-310, relating to search warrants, provides that a written return of all things seized shall be made without unnecessary delay before the judicial officer named in the warrant or before any court of competent jurisdiction. Further, "[T]he . . . court shall upon request deliver a copy of the inventory to the persons from whom or from whose premises the instruments, articles, or things were taken . . ." Normally the return of the inventory list is made to the magistrate issuing the warrant, (§ 27-310, supra), and is not available in the trial court. Such a list should be requested of this magistrate, and no showing was made that the inventory list was ever requested from the magistrate issuing the warrant. In the absence of such a showing, no duty devolves on the trial court or the district attorney to furnish such an inventory list, particularly during trial when neither of them is in possession of such a list. If a return of the items seized has not been made, this court has held that the failure to make a return as provided by this code section is a ministerial act and does not invalidate a search, nor does it provide grounds to suppress evidence. *Lewis v. State,* 126 Ga. App. 123, 125 (2) (a) (190 SE2d 123) (1972); Reisgo v. United States, 285 F 740; Rose v. United States, 274 F 245. In this instance error is claimed because the failure to furnish a police officer's inventory to the defendants prior to cross-examination hampered the appellant's cross-examination of that police officer. As stated above, it was not the duty of the trial court or the district attorney to furnish the inventory list, and in Division 1 we stated that appellants (defendants) are not entitled as a matter of right to receive copies of police reports made in preparing the case against a defendant. *Nations v. State,* supra; *Kirkland v. State,* 141 Ga. App. 644 (234 SE2d 133) (1977). Accordingly, this enumeration is without merit.

The remaining enumerations of error are also without merit. *Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED MAY 5, 1980 — DECIDED SEPTEMBER 2, 1980 — REHEARINGS DENIED OCTOBER 2, 1980.

*J. Dunham McAllister,* for appellants.
*Robert E. Keller, District Attorney, Jack I. Wimbish, Assistant District Attorney,* for appellee.