39526. WILLIAMS v. THE STATE.

MARSHALL, Presiding Justice.

Feldon Riley Williams appeals from a conviction of murder with a life sentence. The sufficiency of the evidence to authorize the conviction is not contested.

1. On direct examination, the director and microanalyst of the Savannah branch of the GBI's State Crime Laboratory — who was qualified as an expert witness — testified that he had received from named GBI agents certain specified items pertaining to this case, which items had been submitted to him for analysis and some of which had been admitted in evidence as state's exhibits.

On cross-examination of this witness, defense counsel solicited testimony from the expert witness that the official laboratory report — which the witness had before him to refresh his memory but which had not been admitted in evidence — showed that the witness had received 11 items, numbered 1 through 11. Defense counsel then sought to question the witness concerning items numbered 9 ("a ziploc plastic bag, containing a small amount of residue"), 1, and 2. At this point, the prosecutor objected on the grounds that the report was not in evidence and that the witness had not testified that he had received these particular items, which had not been admitted in evidence, although they were listed on the report.

Defense counsel asked the trial judge if he might ask the witness

whether he had received these items, which he contended that the witness had said he had. The judge asked defense counsel whether the report was in evidence, and counsel responded that the witness had analyzed the materials. At that point, the judge sustained the state's objection and refused defense counsel's request for a clarification of the judge's ruling. Enumeration of Error 1 contends that the trial court's "unexplained" ruling deprived the defense of the right of "thorough and sifting cross-examination." OCGA § 24-9-64 (Code Ann. § 38-1705).

" 'Although a defendant is entitled to a thorough and sifting cross-examination of witnesses against him (Code Ann. § 38-1705 [OCGA § 24-9-64]), the scope of cross-examination is largely within the discretion of the trial court and will not be controlled by this court except for abuse of discretion.' *Mitchell v. State*, 236 Ga. 251, 256 (223 SE2d 650) (1976)." *Sustakovitch v. State*, 249 Ga. 273, 276 (8) (290 SE2d 77) (1982). The defendant had no right to examine the witness' report which was used to refresh his memory and which was not in evidence. *Reece v. State*, 160 Ga. App. 59 (1) (286 SE2d 41) (1981), citing *McEachin v. State*, 245 Ga. 606 (5) (266 SE2d 210) (1980); *Smith v. Smith*, 222 Ga. 313, 315 (149 SE2d 683) (1966); *Shouse v. State*, 231 Ga. 716, 718 (203 SE2d 537) (1974); *Jackson v. State*, 242 Ga. 692 (251 SE2d 282) (1978). (*Jackson v. State*, supra, involved a State Crime Laboratory report, as does the case sub judice.) " 'It is elementary that documents upon which a party rests his case must be offered into evidence.' *Stanley v. Stanley*, 138 Ga. App. 560, 561 (226 SE2d 800) (1976)." *Hadden v. Owens*, 154 Ga. App. 467 (2) (268 SE2d 760) (1980).

Furthermore, the appellant failed to show that the matters sought on cross-examination are in some manner relevant to the issues in the case on trial, *Canady v. State*, 147 Ga. App. App. 640 (2) (249 SE2d 690) (1978) and cits., and hence that the lack of the material impaired his defense so as to deprive him of a fair trial. *Jackson v. State*, 242 Ga. 692, supra, p. 693, citing *Potts v. State*, 241 Ga. 67, 74 (5) (243 SE2d 510) (1978). If the relevance and materiality of the rejected evidence had been made to appear by testimony coming in subsequently, the defendant would have had to offer the evidence again. *Plemons v. State*, 155 Ga. App. 447, 451 (8) (270 SE2d 836) (1980), citing *Horton v. State*, 128 Ga. 26 (2) (57 SE 224) (1907). The appellant failed to show prejudice by the exclusion of the questions asked on cross-examination. See *Cross v. State*, 136 Ga. App. 400, 409 (8) (221 SE2d 615) (1975) and cit. Enumeration of Error 1 is without merit.

2. In Enumeration of Error 2, the appellant contends that the trial judge erred in injecting himself into the trial by taking over

questioning of witnesses, by commenting to a witness in the presence of the jury (in a bench conference) as to protection of the witness and his family, and by interrogating the defendant in an argumentative manner such as to cast discredit on him, and in denying the defendant's motion for mistrial based on such alleged conduct.

The trial court has the authority to control, in the furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it. *Davis v. State,* 127 Ga. App. 76 (3) (192 SE2d 538) (1972); *Jarrard v. State,* 163 Ga. App. 99, 101 (3) (292 SE2d 488) (1982). " 'The trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion. And a lengthy examination by the court of a witness called by either party will not be cause for a new trial, even though some of the questions propounded by the court were leading in character, unless the court, during the examination of the witness by himself, expresses or intimates an opinion on the facts of the case, or as to what has or has not been proved, or the examination takes such course as to become argumentative in character.' " *Thomas v. State,* 240 Ga. 393, 400 (3) (242 SE2d 1) (1977) and cits.

Our examination of the entire transcript, including the portions about which the appellant complains, fails to disclose any impropriety by the trial judge. One conversation involving the judge, defense counsel, and a witness, merely concerned an effort to determine the sequence of streets in a particular area of downtown Savannah; no objection was made to this dialogue. At one point, the judge questioned the defendant concerning what the defendant had seen at a lounge at which he had testified he had seen his co-indictee and another party; where the defendant had found the victim's property and what he had done with it; and how the defendant's driver's license had gotten inserted in one of the victim's books, which, along with other of the victim's belongings, were found in the defendant's room. All of these are factual inquiries designed to further elucidate the issues at trial, and are proper under the cases cited hereinabove. Although the judge did not rule on defense counsel's motion for mistrial immediately, he acknowledged that he was considering it; stated that he had carefully considered his questions so as not to express any opinion upon the evidence; and promised that he would appropriately charge the jury as to his participation in the interrogation, which instruction he subsequently gave the jury in his charge.

Enumeration of Error 2 is without merit.

*Judgment affirmed. All the Justices concur, except Weltner, J.,*

*who concurs specially, and Hill, C. J., Smith and Gregory, JJ., who dissent from Division 1 and the judgment.*

DECIDED MARCH 9, 1983.

*John E. Pirkle,* for appellant.

*Dupont K. Cheney, District Attorney, C. Paul Rose, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.

WELTNER, Justice, concurring specially.

I concur in the judgment, and concur specially in Division 1 of the opinion.

The majority has set out accurately the present state of the law of Georgia relative to the opportunity of a cross-examiner to examine a document used by a witness to refresh recollection, and the trial court properly applied the law in its present state. See, in general, OCGA § 24-9-69 (Code Ann. § 38-1707).

I concur specially inasmuch as I believe that the present restriction is not in keeping with the basic concept of a thorough and sifting cross-examination, nor is the ability of a witness to withhold from scrutiny a document from which he purportedly refreshes his recollection in keeping with the object of all legal investigation, which is the discovery of truth. OCGA § 24-9-64 (Code Ann. § 38-1705); OCGA § 24-1-2 (Code Ann. § 38-101).

As example, a witness may testify that his recollection is refreshed by a report, and testify that his recollection, thus refreshed, is that "the light was green." At the same time, a sharp-eyed cross-examiner is able to read the very document, on which is recorded "the light was red."

Or, a physician may examine a paper which he characterizes as the notes of a patient's examination and maintain that his memory has been refreshed thereby, and that the patient's complaints were of a certain nature. Yet, the cross-examiner can plainly see that the document thus consulted by the physician is nothing more than a page from a mail-order catalog.

Or, the witness may refer to a document, maintaining it to be a memorandum made by him contemporaneously with the event, and, being refreshed, testify to a chain of events. The cross-examiner can see that the document is a letter to the witness on the stationery of his opponent, outlining the witness' prospective testimony.

Or, a witness may choose to be selective, refreshing his memory as to certain details in a writing while ignoring others therein

recorded.

Under the present rule the cross-examiner is helpless to protest the plain perjury of the witness, and the judicial system has denied to itself access to important information which is of aid in finding the truth.

The rule is wrong, and should be changed.

HILL, Chief Justice, dissenting.

I must take issue with the statement and holding by the majority that the defendant in a criminal case has no right to examine the report utilized by the witness to refresh his recollection. I acknowledge that the cases cited by the majority stand for the proposition for which they are cited. Nevertheless, in my view, where a state's witness utilizes a report or other writing to refresh the witness' recollection, denying defense counsel the right to examine such writing constitutes a denial of the right of cross-examination.

I am authorized to state that Justice Smith and Justice Gregory join in this dissent.