## 40475. HARDIN v. THE STATE.

WELTNER, Justice.

Thomas Hardin died from a gunshot wound in his back. Ethel Hardin, his wife, was convicted of murder and sentenced to life imprisonment.

Hardin hired a man to kill her husband. When that plan failed, she enlisted the aid of her son, who went to the construction site where his stepfather was working, shot him in the back with his mother's rifle, then hid the rifle in the basement of her home. The son later led the police to the hidden rifle, and pleaded guilty to murder. He stated at trial that he shot his stepfather "because it was what ma wanted."

1. Hardin contends that the state was required to produce, on her request, copies of witnesses' statements and transcripts of certain tape recordings. The requests were made pursuant to a motion under Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), and to a notice to produce. Prior to trial, defense counsel was permitted to read the statements and to listen to the tapes.

"As was pointed out in *Stevens v. State,* 242 Ga. 34 (1) (247 SE2d 838) (1978), witness statements are not subject to a notice to produce, although exculpatory witness statements are subject to disclosure under Brady v. Maryland, supra." *Wilson v. State,* 246 Ga. 62, 65 (268 SE2d 895) (1980). Whether or not these statements were exculpatory is immaterial, as they were made available to the defense prior to trial. 246 Ga. at 66. In the same category are the tapes. We find no error.

2. It was not error to refuse to require production of the original tape recordings of Hardin's statements. Prior to trial, defense counsel received a transcript of all such statements and also listened to the tapes. This procedure complies fully with OCGA § 17-7-210(b) (Code

Ann. § 27-1302), which requires production in writing of all relevant and material portions of a defendant's oral statements.

3. Hardin contends that documents used to refresh a witness' recollection must be disclosed to the defense upon request. None of the documents complained of was introduced into evidence.

We recently have held (by somewhat a tenuous judgment) that a defendant has no right to examine a witness' report which is used to refresh his memory and which is not in evidence. *Williams v. State,* 250 Ga. 664 (1) (300 SE2d 685) (1983). But see special concurrence, 250 Ga. p. 667. The decision in *Williams,* dated March 9, 1983, was published *after* the date of Hardin's trial. This enumeration is without merit.

4. Hardin contends that the evidence at trial was insufficient to corroborate the testimony of her son.

While a defendant may not be convicted on the uncorroborated testimony of an accomplice, OCGA § 24-4-8 (Code Ann. § 38-121), "'[s]light evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict.'" *Castell v. State,* 250 Ga. 776, 780 (301 SE2d 234) (1983), citing *Reaves v. State,* 242 Ga. 542 (250 SE2d 376) (1978).

There was evidence that Hardin withdrew $500 from a savings account, consistent with the testimony of her son and others that she paid a $500 installment to have her husband killed. The murder weapon belonged to her. A witness testified that he had driven her son to the construction site on the day of the murder; he thereafter met with Hardin concerning police questioning; she urged him to adhere to a false account of the event, and promised to give money to him. Hardin was the beneficiary of her husband's $200,000 life insurance policy. The evidence satisfied the requirements of *Castell,* supra.

5. The trial court did not err in denying the motion for recusal. On the Friday afternoon preceding trial, the following colloquy occurred:

"[Defense Counsel]: I have subpoenaed a good number of witnesses, Your Honor, that I certainly intend to use if I have to. If the case is not dismissed after the State presents its evidence, I imagine I will put on some witnesses in terms of —

"[The Court]: (Interposing) Well now . . . let's be honest with each other. The charge being what it is, unless [The State] totally falls on [its] face, I'm going to let a jury decide it."

The following Monday, immediately preceding jury selection, the defense filed its motion for recusal. The trial court dismissed the motion as untimely pursuant to *Hunnicutt v. Hunnicutt,* 248 Ga. 516 (283 SE2d 891) (1981).

The motion was timely. However, we find no error, as the comments of the trial court do not display such a degree of personal bias as to require recusal. See *Jones v. State,* 247 Ga. 268 (4) (275 SE2d 67) (1981). Attention is invited to our holding in *State v. Fleming,* 245 Ga. 700 (267 SE2d 207) (1980), relative to procedural matters in recusal hearings.

*Judgment affirmed. All the Justices concur, except Hill, C. J., Smith and Gregory, JJ., who dissent as to Division 3 and the judgment.*

DECIDED JANUARY 31, 1984 —
REHEARING DENIED FEBRUARY 15, 1984.

*Hartley, Rowe & Fowler, G. Michael Hartley, Garland, Nuckolls & Catts, John R. Hesmer,* for appellant.

*Frank Winn, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.,* for appellee.