**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**July 2, 2012**

# In the Court of Appeals of Georgia

A12A0362. WOODS et al. v. ALLIED VAN LINES, INC., et al.      BO-017

BOGGS, Judge.

We granted the application for interlocutory review in this case to consider a legal issue of first impression: the admissibility under OCGA § 24-3-35 of an admission against interest by a third party, when that third party is alleged to be a person at fault under the apportionment statute, OCGA § 51-12-33. We conclude that, under these circumstances, admissions by a third party are admissible under OCGA § 24-3-35 (2), when that third party's fault properly has been made an issue under OCGA § 51-12-33. We therefore affirm the trial court's denial of motions in limine to exclude them.

OCGA § 51-12-33 (b), after its substantial revision in 2005, provides:

Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

OCGA § 51-12-33 (c) further provides: "In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit."

The relevant facts for purposes of this analysis are not disputed. In August 2005, Woods' decedent, Jimmy Ray Woods, was killed in a multi-vehicle collision on Georgia Highway 20 in Bartow County. The incident began when a service van owned by B&W Mechanical Contractors ("B&W") and driven by its employee, Green, crossed the center line and collided with a box truck owned by Budget Rental and driven by Ramey, an employee of Berger Transfer & Storage, Inc. Ramey's truck then crossed the center line and struck the car driven by Woods' decedent, who was

2

killed. Green was charged with failure to maintain lane and second degree vehicular homicide, and he pled guilty to those charges.

Woods settled her wrongful death claims against Green and B&W and then filed this action against Ramey, Allied Van Lines, Berger Transfer and Storage Inc., Berger Atlanta, Inc., and various insurers. The Berger defendants then filed the notice prescribed by OCGA § 51-12-33 (d).[1]

Woods filed an omnibus motion in limine seeking to exclude 34 instances of evidence or testimony, including the traffic citations received by Green and his guilty pleas to those charges. The trial court denied those motions, ruling that "the traffic ticket issued to and the guilty plea therefrom by Jason Lee Green are admissible under OCGA § 51-12-33."

Appellees argue that the trial court was correct for two reasons: (1) that under the provisions of OCGA § 51-12-33, Green became a "virtual defendant" and thus a

---

[1] OCGA § 51-12-33 (d) (1) provides: "Negligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault."

Subsection (d) (2) provides: "The notice shall be given by filing a pleading in the action designating the nonparty and setting forth the nonparty's name and last known address, or the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing the nonparty to be at fault."

3

party to the case; and (2) that Green's plea was admissible under OCGA § 24-3-35(2) as a third-party admission.[2] We find that the evidence here is admissible as a third-party admission because of the apportionment mandated by OCGA § 51-12-33. We therefore need not address the specific question of whether Green is a "virtual defendant".

OCGA § 24-3-35 provides, in pertinent part: "The following admissions by third persons, strangers to a suit, shall be received in evidence . . . (2) Admissions by a third person which are against his interest, as to a fact collateral to the main issue between the litigants but essential to the adjudication of the cause."[3] The main issue presented in this action is not, as Woods contends, "who is at fault for causing the death of Jimmy Ray Woods." The only issue between the litigants here is the negligence and thus the liability of the *defendants* for their part in the collision. Under the plain language of OCGA § 51-12-33, any assessment of *fault* against Green "shall

---

[2]Woods argues that the trial court held that Green is "a putative defendant." This is not correct; the trial court simply recited the contentions of the parties, then ruled without assigning a specific reason for its ruling other than that the citation and plea "are admissible under OCGA § 51-12-33."

[3]The parties do not dispute that a guilty plea to a traffic offense is generally admissible as an admission against interest of a *party*. See *Lewis v. Uselton*, 224 Ga. App. 428, 431 (7) (480 SE2d 856) (1997).

4

not subject [him] to *liability* in any action." (Emphasis supplied.) OCGA § 51-12-33 (f) (2).

The question of Green's percentage of fault is therefore merely "collateral to the main issue" of the defendants' negligence and liability, but is "essential to the adjudication of the cause" due to the language of the apportionment statute.

> This testimony was to facts collateral to the main issue in the case, which was the negligence of appellees. However, it was essential to the adjudication of this cause since whether or not [Green's] actions were the proximate cause of or contributed to the accident necessarily determined appellees' negligence and the extent of their liability.

*Hadden v. Owens*, 154 Ga. App. 467, 468 (1) (268 SE2d 760) (1980). Green's guilty pleas therefore fall directly within the purview of OCGA § 24-3-35 (2) and are admissible as an admission against interest of a third party. The cases cited by Woods are inapposite as they predate the extensive revision of the apportionment statute in 2005. See Ga. L. 2005, p. 1, §12.

*Judgment affirmed. Doyle, P. J. and Andrews, J., concur.*