## Case No. 14,802.

### UNITED STATES v. CLARK.

[2 Cranch, C. C. 620.] [1]

Circuit Court, District of Columbia. Nov. Term, 1825.

HOMICIDE—SLAVE—MANSLAUGHTER—PUNISHMENT.

In Alexandria county, a slave guilty of manslaughter was punished by burning in the hand and whipping with ten stripes.

[Cited in U. S. v. Frye, Case No. 15,173.]

## Case No. 14,803.

### UNITED STATES v. CLARK.

[4 Cranch, C. C. 506.] [1]

Circuit Court. District of Columbia. March Term, 1835.

JUSTICE OF PEACE—PROSECUTION FOR TAKING INSUFFICIENT BAIL—INDICTMENT.

[Cited in Mattingly v. U. S., Case No. 9,295.]

---

since appeared to be dealt with according to law, to the great hindrance of public justice, in contempt of the laws, and against the peace and government of the United States.

The counsel for defendant moved the court to quash the indictment: (1) Because it does not state in what respects the security taken was insufficient; whether it was insufficient because the sum was too small, or because the persons taken as bail were insufficient to answer the amount of the recognizance, or because the form in which the security was taken was insufficient; and because it does not set out the security taken, so that the court can judge whether it was regularly taken, and in an amount adequate to the offence, and in due form. (2) Because it does not aver that the defendant ordered Milburn to be discharged from arrest.

## Case No. 14,804.

### UNITED STATES v. CLARK.

[1 Gall. 497.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1813.

PERJURY—HEARING BEFORE DISTRICT JUDGE—STATUTE.

1. Whether perjury, committed on a hearing on a criminal complaint before the district judge, be within the act of April 30th, 1790, c. 9, § 18 [1 Stat. 116].

[Cited in U. S. v. Nunnemacher, Case No. 15,903; Ex parte Perkins, 29 Fed. 909. Explained in Todd v. U. S., 15 Sup. Ct. 891.]

[2. Cited in Boston & P. R. R. v. Midland R. R., 67 Mass. (1 Gray) 355, to the point that, when a statute uses words whose meaning is well ascertained by the existing jurisprudence, they shall be understood in that meaning, unless the context displaces such construction, and clearly sets up another meaning.]

G. Blake, for the United States.
Mr. Pitman, for defendant.

Before STORY. Circuit Justice, and DAVIS, District Judge.

STORY, Circuit Justice. The grand jury have found an indictment against Stephen G. Clark for perjury. The indictment char-

[1] [Reported by Hon. William Cranch. Chief Judge.]

[1] [Reported by John Gallison, Esq.]

ges the offence to have been committed on the hearing of a certain complaint against Henry Bancroft and others, for piracy, "depending before the Honorable John Davis, then and ever since being judge of the district court of the United States for the aforesaid district of Massachusetts, and a magistrate of the said United States," and concludes, "against the form of the statute in such case made and provided." A motion has been made to quash the indictment, because the offence is not within the purview of any statute of the United States: it not being charged to have been committed in any oath or affirmation, taken in any court of the United States; or in any deposition taken pursuant to the laws of the United States. It is very clear, that the indictment does not, in terms, charge the offence to have been committed in any court of the United States, nor in any deposition taken pursuant to its laws. The act, on which the indictment is founded (Act April 30th, 1790, c. 9, § 18) provides, that "if any person shall, wilfully and corruptly, commit perjury, or shall, by any means, procure any person to commit corrupt and wilful perjury, on his or her oath or affirmation, in any suit, controversy, matter or cause, depending in any of the courts of the United States, or in any deposition taken pursuant to the laws of the United States," he shall, on conviction, be punished. The hearing before the district judge was under the authority of the judiciary act of September 24th, 1789, c. 20 [1 Stat. 73], which provides "that for any crime or offence against the United States, the offender may, by any justice or judge of the United States, or by any justice of the peace or other magistrate of any of the United States, where he may be found," be arrested, imprisoned, or bailed for trial, before the competent court of the United States.

It is contended by the district attorney, that every act done and proceeding had by the district judge, in his official capacity, is an act of the district court of the United States; and that the hearing before him was in his official capacity. If this argument were true, the substance of the objection would still remain; for it is nowhere alleged that he acted in his judicial or official capacity, much less is it averred, that he acted as a court of the United States. Now no rule is better settled, than that criminal statutes are to be construed strictly, and that no conviction can be had for a statute offence, unless it be charged in such a manner, as to bring the case within the terms of the statute. The statute does not punish every perjury, but only a perjury, done in a court of the United States. Plainly, therefore, it is of the very essence of the offence, that it should be charged as committed in such court. Now under the authority of the United States there are but three courts known in law, the district, circuit, and supreme court; and as congress alone can, by

the constitution, ordain and establish courts, none can exist but such as they create and name. The offence is not charged to have been committed before either of these established courts; and we cannot, by intendment and inference, make out what ought to have been directly averred. But the argument itself is not correct. The district judge is not the district court, though he is the presiding officer thereof. A court is not a judge, nor a judge a court. A judge is a public officer, who, by virtue of his office, is clothed with judicial authorities. A court is defined to be a place in which justice is judicially administered. Co. Litt. 58; 3 Bl. Comm. 23. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law. The officers exist independent of the exercise of such appointed jurisdiction; though the court may not, in general, be holden independent of its officers. This last position, however, is not always strictly true; for a court is considered so much as an assemblage of mere abstract judicial powers, to be organized and exercised at stated times and places, that by our laws, it may be adjourned without the presence of a judge. Act Sept. 24th, 1789, c. 20, § 6. There are many powers, which the officers of a court, collectively or individually, may and do exercise, exclusive of their organization as a court. Indeed what they shall do in either the capacity of an officer, or of a court, depends exclusively upon the provisions of the law. It is not true, therefore, that every act done by the district judge is, in point of law, the act of the district court. In some instances, powers are confided to him, which he may exercise either in court, or, by virtue of office, out of court. In other instances, powers are given to him in one capacity, which are denied in the other. The power to issue writs of habeas corpus is an example of the former kind. Act Sept. 24th, 1789, c. 20, § 14. The power of the district judge to appoint and hold special district courts, of the latter kind. Id. § 3. In his capacity as a court, he may try certain offences and suits of common law and admiralty jurisdiction. In his capacity as a judge he has no such authority. In his capacity as district judge, he is a constituent member of this court. It would be absurd to contend, that when he holds the circuit court, he yet holds the district court. Nay, the very case before us is a very strong illustration of the distinction. As a district court, or rather, holding the district court, he has no cognizance of the offence of piracy; it is expressly excluded by statute (Id. § 9) and consequently the complaint would have been coram non judice. As a judge of the United States, he has complete cognizance for the purpose of commitment for trial. If, therefore, the offence had been laid, as committed before the district court, on a trial or complaint for piracy, it would have been a fatal objection. It cannot be necessary to pursue the argument on

this head further: it is utterly insupportable.

It is further argued by the district attorney, that the indictment may well be supported, as charging a perjury in a "deposition taken pursuant to the laws of the United States," because, in a large sense, a verbal oath or affirmation may be considered as a deposition. If this were true, I do not perceive how it would help the indictment. It would still be a fatal defect, that it was not so charged. The indictment would not bring the case within the terms of the statute, and no argumentative inferences will supply the want of direct averments of material facts. 2 Hawk. P. C. p. 249, § 10; Id. c. 25, § 110; 1 Saund. 135, note 3; Bac. Abr. "Indictment," H. 3. But is this the true exposition of the statute? I have already stated the general rule, as to penal statutes, that their construction is strict; a rule that, in cases of doubtful meaning, always inclines the court to that, which is most favorable to the defendant, unless it be repelled by the context. For myself, I confess that I think, that the language of this statute is not only not doubtful, but obviously pointed against the construction contended for. The words, stripped of unnecessary appendages, admit of but two readings, viz. "if any person shall wilfully and corruptly, commit perjury, in any deposition taken pursuant to the laws of the United States;" or "if any person shall, wilfully and corruptly, commit perjury, on his or her oath or affirmation, in any deposition," &c. Read the language either way, there is an obvious distinction between an oath and a deposition; and in the latter way, which in my judgment is the true reading, the distinction becomes irresistible. Besides, the ordinary and usual meaning of the word "deposition" is confined to written testimony, at least in legal proceedings; and in legislating upon this subject, congress must be presumed to use the language in its legal sense. I believe there will not be found an instance in our laws, where the word is used in a different sense. In the act of September 24th, 1789, c. 20, § 30, in which congress have provided for the taking of depositions of witnesses under certain circumstances, the language is, that "the deposition of such person may be taken:" and throughout the whole section the word is used to denote the written testimony of witnesses, in contradiction to oral testimony. This act was contemporaneous with that, on which the indictment is founded; and as the terms "deposition" and "taken" are used in both in the same connexion, it seems to me impossible to doubt, that they ought to receive the same interpretation, more especially, as the depositions taken under the judicial act must have been immediately within the purview of the prohibition.

The indictment, therefore, cannot be supported upon the footing of the statute. It is certainly a most unfortunate omission in our laws; but I am afraid it is not the only class of cases, in which legislation in detail has unintentionally clogged the administration of justice. But although the indictment cannot be supported on the statute, it may be, nevertheless, good at common law: and if so, the conclusion against the form of the statute will not vitiate it. 2 Hawk. P. C. 251, § 115; 4 Term R. 202; 5 Term R. 162; 1 Saund. 135, note 3; Com. Dig. "Indictment," G. 6. We are, however, precluded from considering this question as at common law, because the supreme court have held, that this court has no common law jurisdiction over offences. I am bound to acquiesce in that decision, though I have never been able to satisfy my judgment of its accuracy. Had the point been fully argued, instead of passing subsilentio, I should have felt a greater satisfaction in the decision. It is, however, to be considered as settled, unless that high tribunal should hereafter choose to review the question in a more deliberate argument. I should not regret it, however, if a division of the court is made on either point, because it will bring the questions solemnly before the court of the last resort.

DAVIS, District Judge, did not concur in this opinion, with a view to a solemn decision in the supreme court, and therefore the cause was certified to the supreme court, as upon a division of the court.