COOPER *et al. v.* DELK *et al.*

There being no error of law committed which would authorize the granting of a new trial, and the evidence demanding the verdict rendered in favor of the plaintiffs, the judgment granting a new trial must be reversed, notwithstanding the same was the first grant of a new trial in the case.

Argued June 14, — Decided July 28, 1899.

Complaint for land. Before Judge Gober. Cobb superior court. October 31, 1898.

*J. E. Mozley* and *N. A. Morris*, for plaintiffs.
*Clay & Blair* and *W. R. Power*, for defendants.

COBB, J. Mary E. Cooper, suing for herself and as next friend of her four minor children, brought an action against F. P. Delk, to recover possession of a city lot in the city of Marietta, and for mesne profits from the same while the defendant was in possession. W. R. Power was made a party defendant to the case as the real claimant, and interposed pleas which were, in substance, as follows: In November, 1893, John H. Cooper, the husband and father of plaintiffs, came to defendant and represented himself as the authorized agent of his wife and children to negotiate a sale of the property in dispute. Cooper assured defendant that arrangements had been made for the sale, and that his wife and children understood it, and that titles would be made as soon as the order of court could be procured. Upon this statement defendant paid Cooper the price agreed on, and he carried the same away and invested it for the use and benefit of plaintiffs, who have since received and enjoyed the benefit of the same. By an amendment to his plea the defendant alleged: The sale was made by Cooper to defendant in pursuance of a scheme between plaintiffs and Cooper to defraud defendant out of his money, and plaintiffs appropriated the money to themselves and refused to make title and comply with their contract of sale. It is further alleged, that the money paid by defendant for the property in dispute was invested by plaintiffs in life-insurance on the life of John H. Cooper, by paying premiums that had accrued on two policies in which plaintiffs were named as beneficiaries; that some

time in 1895 Cooper died, and plaintiffs collected the policies of insurance, receiving the sum of seven thousand dollars, or other large sum thereon. Defendant insists that he has a right to trace his money in said insurance where it was invested for the benefit of plaintiffs, and either have title decreed to be in defendant or have a decree against the plaintiffs for the money paid for the property in dispute. Defendant further alleges, that plaintiffs have had set apart to them a year's support, in a sum exceeding the sum paid by him for the property in controversy, out of other property of John H. Cooper, and that it. would be inequitable and unjust for plaintiffs, after having received the benefit of defendant's money, to be allowed to recover from him the premises in dispute, without first return- ing the money to him. The prayer of the plea was, that defendant have title decreed to be in him, and, if this could not be done, that he have judgment against plaintiffs for the amount of money paid by him for the premises in dispute. At the trial the plaintiffs introduced in evidence a deed from certain parties to John H. Cooper, dated in 1879, and also a deed from Cooper to plaintiffs, dated May 17, 1882, conveying the premises in dispute. The consideration of this deed was love and affection and five dollars. The interest conveyed to plaintiff, Mary E. Cooper, was "a life-estate only in the undi- vided fifth interest which would be hers under this deed, with remainder to the four children above named." The deed pro- vided that the property should not be sold before the youngest child reached its majority, and then only under an order of court; and, when so sold, that the proceeds of the sale could only be used for the purpose of reinvestment for the same use and with the same limitations. There was also testimony for plaintiffs, that eight dollars per month would be a reasonable rental for the house and lot in dispute; and there was no other evidence on this point. There was testimony for defendant, that he had paid Cooper the amount stated in his pleas for the premises in controversy; and that for a while prior to the time of sale the rents from the property had been collected and paid over to John H. Cooper. A witness for defendant testified, that after the sale took place he had a conversation with Mrs.

Cooper, one of the plaintiffs, in which conversation she said that she understood the transaction in reference to the sale of the house and lot to Mr. Power; that Cooper had promised her to sell this property and make her a deed to some property in the city of Atlanta; that he had not done so, and could not do so then, because insane; and that she would have to protect herself. Another witness for defendant testified that in a conversation with him Mrs. Cooper said she had not authorized Cooper to make the sale, but she was willing to it, provided he had carried out his agreement in reference to making her a deed to certain property in Atlanta. Mrs. Cooper testified that she did not give Cooper authority to make the sale. There was testimony showing that Cooper's estate was insolvent at the time of his death. There was no evidence of any agreement on the part of the children of John H. Cooper, or of any one authorized to represent them, that the sale to defendant should take place; nor was there any evidence of any collusion between plaintiffs and John H. Cooper to defraud defendant out of the money paid for the premises in dispute. The jury returned a verdict finding the premises in dispute for the plaintiffs, with rent at eight dollars per month from January 1, 1894. The defendant made a motion for a new trial, which contained, in addition to the general grounds, the following: (1) Because the court erred in refusing to allow Guyton, a witness for the defendant, to testify as to a conversation between John H. Cooper and defendant, in which Cooper called his son to state for him that the plaintiffs had instructed and authorized him as their agent to sell to defendant the premises in dispute. (2) The court erred in refusing to allow defendant to put in evidence a certified copy of the inventory and appraisement of the estate of John H. Cooper, deceased, and a certified copy of the year's support set aside to the plaintiffs out of the estate of John H. Cooper. (3) Because counsel for plaintiffs argued in conclusion to the jury that W. R. Power had sued the administrator of the estate of John H. Cooper, and would collect the $1,050 out of the estate and keep the property also. The judge passed an order granting a new trial in the case, and the plaintiffs bring the case here, asking a reversal of this judgment, upon the

ground that the verdict was demanded by the evidence, and that if any errors of law were committed at all, they were not of such a character as to authorize the granting of a new trial.

An examination of the brief of evidence, an abstract of which is given above, satisfies us that under the evidence submitted to the jury there could have been no other finding than the one reached by them. It was admitted that the property sued for belonged to the plaintiffs before the alleged sale to the defendant took place. The defendant's title depended entirely upon the question as to whether John H. Cooper had authority to make the sale. The only evidence that can possibly be relied on to show such authority is the statement contained in the testimony of the witnesses referred to in the abstract of the evidence above set out, that Mrs. Cooper told them that she knew of the arrangement between her husband and the defendant, and that she was willing to it, provided Cooper had carried out his agreement with her to make her a deed to some property in Atlanta, which he could not then do, because he was insane. We do not think this testimony would be sufficient to support a finding that Cooper acted as the authorized agent of his wife in making the sale to the defendant, and certainly no statement she made would conclude her children, who were joint owners of the property with her. These statements can not be relied on as an estoppel against Mrs. Cooper, because they were made after the sale took place, and the defendant could not, of course, have acted on them to his injury. Besides, taking as a whole the testimony of these witnesses in in relation to this matter, there is nothing to show that Mrs. Cooper had constituted Cooper her agent to make the sale to Power. The testimony, if it shows anything, establishes simply that Mrs. Cooper admitted that she knew that her husband was negotiating a sale, and that although he had no authority to do this, still, if he had made a sale and then made her a deed to a lot in Atlanta as he had promised to do, she would have been willing to ratify the sale made by him, but that he had not made the deed to the property in Atlanta and on account of his insanity could not do so, and that she would have to protect herself, that is, refuse to ratify his unauthorized act in

making the sale to Power. The defendant knew the property belonged to the plaintiffs, and he dealt with Cooper at his peril. The verdict for the plaintiffs, both as to the premises in dispute and as to mesne profits, was the only verdict that could have been lawfully rendered under the evidence. This being true, a new trial should not have been granted unless some error of law was committed which required a rehearing of the case. Any errors in charging or refusing to charge would be immaterial and not sufficient to authorize a new trial. The ground of the motion which complains of the refusal to allow the witness Guyton to testify as to a conversation between Cooper and defendant, in which Cooper called his son to state that plaintiffs had authorized him (Cooper) to sell the property to defendant, was not sufficient to authorize the granting of a new trial. The motion does not show that the son referred to was one of the plaintiffs, nor does it appear therefrom what he said in reference to the matter. So far as the present record discloses, the inventory and appraisement of the estate of John H. Cooper and the record of the year's support set apart to his widow and children were irrelevant and properly ruled out. If the argument before the jury made by counsel, complained of in one ground of the motion, was improper, and we are not prepared to say it was, it presents no reason for granting a new trial in the case, as it was immaterial what argument was made ; only one verdict could have been lawfully rendered in the case.

*Judgment reversed. All the Justices concurring.*