40484. McARTHUR v. ROADWAY EXPRESS, INC.

DECIDED JANUARY 28, 1964.

*Aynes, Myers & O'Brien, Paul C. Myers,* for plaintiff in error.
*Greene, Neely, Buckley & DeRieux, Burt DeRieux,* contra.

NICHOLS, Presiding Judge. ■ The claimant's first contention is that the hearing director, and later the full board, based the finding of fact upon exhibits identified and placed in the record but not actually introduced in evidence or, if tendered for introduction, expressly excluded from the evidence upon objection made by the claimant.

While the award referred to the information shown by the exhibits, any error in referring to such exhibits was harmless to the claimant, for the transcript of the claimant's oral testimony shows the same facts as the exhibits referred to in the award.

See *New York Life Ins. Co. v. Ittner,* 62 Ga. App. 31 (4) (8 SE2d 582); *Healan v. Powell,* 91 Ga. App. 787, 790 (87 SE2d 332).

■ The fact that the accidental injury was stipulated does not preclude the employer from contending that the present disability did not stem from such original injury, *Pepperell Mfg. Co. v. Mathis,* 92 Ga. App. 85 (88 SE2d 201), and the burden is on the claimant to show that the injury for which compensation is sought arose out of and in the course of employment before compensation can be legally awarded the claimant. *Roberts v. Lockheed Aircraft Corp.,* 93 Ga. App. 440, 441 (92 SE2d 51). See also *Hughes v. Hartford Acc. &c. Co.,* 76 Ga. App. 785, 791 (47 SE2d 143), where it was held: "After considering all the facts and circumstances of this case, the director found that the claimant had failed to carry the burden of proof of showing that his injuries arose out of his employment. Findings of fact made by the board within its power are, in the absence of fraud, conclusive, if supported by any competent evidence (*Code* § 114-710), and are binding on the courts. 'In such a case, not only may an issue of fact arise from contradictory evidence, but contrary implications consistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain an issue of fact despite uncontradicted evidence in regard thereto.' *Liberty Mut. Ins. Co. v. Blackshear,* 197 Ga. 334, 336 (28 SE2d 860); *Cooper v. Lumbermen's Mut. Cas. Co.,* 179 Ga. 256, 261 (175 SE 577); *Employers Liability Assurance Corp. v. Woodward,* 53 Ga. App. 778 (3) (187 SE 142); *Merry Brothers Brick & Tile Co. v. Holmes,* 57 Ga. App. 281, 284 (195 SE 223). This court, in reviewing an award made by the full board denying compensation to the claimant, must accept that evidence most favorable to the employer, and, if there is any competent evidence to authorize the award, it must be affirmed. *Merry Brothers Brick & Tile Co. v. Holmes,* supra; *Glens Falls Indemnity Co. v. Sockwell,* 58 Ga. App. 111 (197 SE 647)."

The burden was upon the claimant to show that he was incapacitated to labor, or had been since the accidental injury, and that such incapacity was the result of the accidental injury suffered over a year before the hearing was held.

The evidence adduced was conflicting and the testimony of the claimant was itself vague and equivocal. There was evidence adduced to authorize the finding that the claimant was fired for continuously being absent from work and that no incapacity to labor resulted from the injury occurring on May 31, 1961. Accordingly, the judgment of the superior court affirming the award of the State Board of Workmen's Compensation must be affirmed.

*Judgment affirmed. Hall and Russell, JJ., concur.*