40704. McLAURY, Next Friend v. McGREGOR et al.

RUSSELL, Judge. 1. "The owner or occupier of land owes the duty to invitees coming thereon of keeping the premises and approaches safe for their use. While this duty to exercise ordinary care for the safety of an invitee is greater when the latter is a child of tender years, yet such owner is not an insurer of the safety of the child, and accordingly is not liable for injuries resulting solely from the conduct of the child in misusing otherwise safe premises, which misuse by the child was unknown to the owner." *Augusta Amusement, Inc. v. Powell,* 93 Ga. App. 752 (92 SE2d 720).

2. "Where there is nothing in the evidence to indicate the propriety or the necessity of [the owner] making an inspection to ascertain the possible or probable existence of any defects, ordinary diligence does not require an inspection where there is no reason to think an inspection is necessary. *Cuthbert v. Schofield,* 35 Ga. App. 443 (1) (133 SE 303); *Williamson v. Kidd,* 65 Ga. App. 285 (15 SE2d 801)." *Roberts v. Wicker,* 213 Ga. 352, 355 (99 SE2d 84).

3. Applying the foregoing law to the facts of this case, it appears that the infant plaintiff was injured when he crawled into a hallway and inserted the charged end of an electric cord into his mouth. The cord customarily connected an electric sewing machine with an electrical outlet in the wall. It had two male ends; one end remained in the outlet while the other had become detached from the machine. The undisputed evidence of the defendants was that they did not know the cord was so constructed and did not know that it could be separated from the sewing machine; that neither defendant had ever seen it unattached, and one of the defendants had on one occasion inspected the machine and had pulled on the cord but it did not budge, and that neither of them knew there was a male plug at the machine end of the cord because they did not know it could be disconnected, although periodic inspection of the electrical equipment in the house was made to ascertain whether it was in reasonably good shape. The other defendant testified that the machine was kept plugged into the outlet and that she knew it was connected at both ends when she cleaned house a few days previously. Whether the baby pulled the cord out by crawling over it, or whether it was removed from the machine by some other instrumentality, was unknown. The evidence

accordingly demanded a finding that the defendants did not know of the unusual construction of the electric cord, did not know it had become detached, and that it constituted a latent defect not ascertainable in the exercise of ordinary care. This being so, the jury verdict in favor of the defendants was the only possible verdict which could with propriety have been rendered.

4. Errors in the instructions of the court, or in the admission or exclusion of evidence, will not be considered where the verdict was demanded as rendered. *Cooper v. Delk,* 108 Ga. 550 (34 SE 145); *Harwell v. People's Loan &c. Co.,* 101 Ga. App. 100 (112 SE2d 800).

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

DECIDED NOVEMBER 20, 1964.

*Thomas, Howard & Moran, Hubert H. Howard,* for plaintiff in error.

*Bennet, Gilbert, Gilbert & Whittle, L. J. Bennet, Wm. A. Zorn,* contra.

