## 51857. FORD v. PINCKNEY et al.

MARSHALL, Judge.

This is an appeal from a jury verdict and judgment in favor of Pinckney, the defendant below. The suit arose out of injuries received by appellant, Ford, who, as a pedestrian, was struck and injured by Pinckney's car following an intersection collision between Pinckney and one Gadson. Gadson originally was a defendant but the case against him was dismissed for lack of venue.

The facts indicate that appellant was standing on a street corner at intersecting roads waiting to cross. Gadson, proceeding from the north in a southerly direction, ignored a stop sign and drove into a through street having the right-of-way. Appellee Pinckney, driving from the east in a westerly direction on the through street, was struck on the right front of her vehicle by Gadson while in the intersection. Pinckney did not see the Gadson vehicle until an instant before the impact, and the impact forced her car to the left, out of control. Pinckney's vehicle went up on the sidewalk occupied by appellant (though Pinckney never saw appellant), struck appellant and dragged him upon an adjacent lawn. The accident ruptured the radiator of Pinckney's car and the scalding water severely burned appellant's torso and left

arm. Medical expenses of appellant as of the time of the trial amounted to over $22,000. Appellant enumerates some 11 alleged errors, four dealing with evidentiary problems, five with the charge of the trial court, and two dealing with motions. *Held:*

1. Enumerations 1 and 3 complain: that it was error to allow Pinckney to ask a question of appellant concerning the cause of the accident in that such question invaded the province of the jury; and that appellant was asked questions in an argumentative manner.

The first question of which complaint is made dealt with whether the accident would have occurred if Gadson had stopped at the stop sign. This question did not invade the province of the jury. Both parties agreed that Gadson was at fault. The only issue was whether Pinckney was independently or concurrently negligent. The question properly helped to shed light on the question to be answered by the jury. Furthermore, the conclusion stated by appellant that the accident would not have happened is an unavoidable conclusion. See *Bentley v. Ayers,* 102 Ga. App. 733 (3), 735 (117 SE2d 633). The fact that Gadson precipitated the accident was not dispositive of whether Pinckney was contributorily negligent.

The second series of questions dealt with the time frame during which appellant had the opportunity to observe the accident occurring in front of him and which ultimately involved him. Appellant had given opinions as to how fast each car was being driven and who hit whom. These opinions were directly contradicted by Pinckney. The questions asked were entirely relevant and proper. The trial court has discretion to control cross examination within reasonable grounds, and exercise of this discretion will not be controlled unless it is abused. *Gordy v. Powell,* 95 Ga. App. 822, 827 (3) (99 SE2d 313). There is no merit in Enumerations 1 and 3.

2. Enumerations 2 and 4 make complaint of certain admissions made by Gadson to an investigating officer and to Pinckney immediately after the accident to the effect that he went through the stop sign and it was his fault. It is alleged these admissions were prejudicial hearsay.

The declarations made by Gadson were made

immediately after the accident. There is no indication that these statements were not spontaneous and the uncalculated expression of an excited participant. The expression therefore was admissible as part of the res gestae. *Tifton Brick & Block Co. v. Meadow,* 92 Ga. App. 328, 331-332 (88 SE2d 569). See also *Goldstein v. Johnson,* 64 Ga. App. 31, 35 (12 SE2d 92).

3. Enumerations 5 through 9 deal with the charge of the court. Each of Enumerations 6 through 9 complains that the trial court erred in refusing to give all or part of a charge requested by appellant.

(a) We have examined the complete charge of the trial judge. The requests refused either were argumentative in that the request assumed as established fact that which was in dispute, or the trial judge gave the substance of the request. It is not error to refuse requests to charge, or to fail to give a charge in the exact language of the request, where the request is argumentative or when the request adequately is covered in the general charge. *DeKalb County v. McFarland,* 231 Ga. 649 (203 SE2d 495); *Maloy v. Dixon,* 127 Ga. App. 151 (193 SE2d 19).

(b) The fifth enumeration of error asserts the trial court erred in giving a charge requested by appellee dealing with sudden emergency. This complaint has some merit. Pinckney clearly and unequivocally testified that she did not see Gadson's car until a split second before the impact; that she never saw appellant standing on the corner; and that after the impact her car was out of control. Her sole defense was that Gadson solely was negligent and she was as much an innocent victim as was Ford.

The rule of "sudden emergency" is that one who in a sudden emergency acts according to his best judgment, or who because of want of time in which to form a judgment, acts in the most judicious manner, is not chargeable with negligence. *Ware v. Alston,* 112 Ga. App. 627, 629 (145 SE2d 721); *Bryant v. Ga. R. &c. Co.,* 162 Ga. 511, 517 (134 SE 319); *Pollard v. Weeks,* 60 Ga. App. 664, 672 (4 SE2d 722). The doctrine of emergency refers only to those acts which occur immediately following the realization of the peril or crisis and before there is time for mature

reflection. *Stripling v. Calhoun,* 98 Ga. App. 354, 357 (105 SE2d 923). This requires that the person confronted by the emergency have the opportunity to choose between alternative courses of conduct so as to adopt the safer course or one which might avoid the injury altogether. In the absence of such factors allowing quick judgment and consequent action by the one so confronted, there can be no conduct to which to apply the standard and the doctrine is inapplicable. *Ware v. Alston,* 112 Ga. App. 627, 631, supra.

Under the pleadings and facts the situation which authorizes the defense of sudden emergency was not presented. It was error therefore for the trial court to give the instruction. However, does this error require corrective action by this court? We think not.

The clear and compelling evidence presented to the jury established that Gadson was grossly negligent and his negligence caused the collision that ultimately caused the injuries to appellant. Even if we assume that the jury believed that Pinckney was slightly exceeding the speed limit, was not keeping as cautious an outlook on approaching or intersecting traffic as she should have and failed to exercise care and control of her vehicle as she approached the intersection at which the collision occurred, there is absolutely no evidence that any one or more of these assumed acts of negligence were a part of the proximate cause of the injuries to appellant. As indicated hereinbefore, the conclusion was inevitable that, except for the negligence of Gadson, this unfortunate incident would not have happened.

Under the evidence presented to this jury, the jury clearly was authorized to find for the defendant Pinckney as being as much a victim of Gadson's negligence as was the plaintiff Ford, notwithstanding any evidence of potential negligence by Pinckney. This being so, the jury's verdict in favor of Pinckney, though not demanded absolutely, was the only verdict which with propriety could have been rendered. *McLaury v. McGregor,* 110 Ga. App. 679, 680 (139 SE2d 444). Thus, the necessary charge on sudden emergency was, at worst harmless error not requiring reversal. *Cooper v. Delk,* 108 Ga. 550 (34 SE 145); *Atlantic C. L. R. Co. v. Wegner,* 90 Ga. App. 267, 273

(4) (83 SE2d 58).

4. Enumerations 10 and 11 deal with a failure to grant a directed verdict for plaintiff and the subsequent failure to grant a motion for a new trial.

(a) The appellant intentionally has abandoned Enumeration 10 pertaining to the directed verdict.

(b) For the reasons stated in other parts of this opinion, the trial court did not err in failing to grant the motion for a new trial.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

ARGUED MARCH 1, 1976 — DECIDED MAY 6, 1976 — REHEARING DENIED MAY 21, 1976.

*Bracker & Bracker, I. Henry Bracker, David S. Bracker,* for appellant.

*Falligant, Karsman, Kent & Toporek, A. Martin Kent,* for appellees.