66897. CHIEFFE et al. v. ALCOA BUILDING PRODUCTS, INC.

BIRDSONG, Judge.

This is a suit on account, brought by Alcoa Building Products, Inc. against John Chieffe d/b/a Atlanta Redesigning & Supply Co. The complaint alleged an indebtedness of $26,770.84 and the jury, apparently overlooking that $400 had been recovered on an original indebtedness of $27,170.84, returned a verdict for the latter amount. The trial judge molded the verdict to what was prayed for. Chieffe appeals. *Held:*

1. The appellant was in the business of selling and installing siding on homes. His defense to the amounts sued for was that the building materials were not delivered to him and, on appeal, he contends that Alcoa never proved delivery. However, Alcoa's evidence shows that materials were never released or delivered except upon a call or order from appellant, and were delivered to or picked up by subcontractors known to Alcoa, after an order from appellant. Three subcontractors who signed for delivery of materials, testified they did so after appellant had called in the orders. Moreover, there is evidence that appellant, prior to suit, never objected to or complained that the statements of account were incorrect. Questions of credibility, as well as the ultimate issue of preponderance of the evidence, are for the jury. The evidence supports the verdict in this case.

2. The trial court did not err in admitting business records of "material release orders." The appellant did not object to the introduction of these documents during trial; any objection on appeal is waived, even if there had been error.

3. The trial court did not err in charging the jury: "If a statement

of an account is rendered to the debtor and he fails to object, you as the jury are authorized to infer the failure to raise any objections was an implied agreement on his part the account was correct. But, it's crucial that you realize that this is only a possible inference under the law and that in no way, shape or form is this inference required." This is not an incorrect principle of law; and in view of the otherwise clear charge of the court concerning the plaintiff's burden of proof, this statement was at most merely harmless.

4. The trial court correctly ordered that the jury verdict be corrected to the amount sued for, inasmuch as the plaintiff's own complaint and evidence showed it was not entitled to more on the account. *Dept. of Transp. v. Great Southern Enterprises,* 137 Ga. App. 710 (225 SE2d 80); OCGA § 9-12-6 (Code Ann. § 110-110).

It follows that as the verdict was supported by the evidence and there was no reversible error, the appellant was not entitled to a directed verdict, mistrial, or new trial on any grounds offered by appellant.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 12, 1983.

*Donald A. Starling,* for appellants.
*Douglas D. Middleton,* for appellee.