### 70293. TURNER et al. v. MALONE et al.
(335 SE2d 404)

BIRDSONG, Presiding Judge.

Medical Malpractice. Roy Turner was diagnosed as suffering from lung cancer and underwent an operation for excision of the malignancy. Turner was given preparatory anesthetic injections prior to being brought to the operating room which caused great drowsiness but did not completely anesthetize him. After arrival in the operating arena, he was further given anesthesia by Dr. Malone, a registered anesthesiologist. The additional anesthesia rendered Turner physically immobile (i.e., temporarily paralyzed) but did not wholly cause him to be amnestic. Thus, Turner could observe what the surgeons were doing and saying but could not speak, blink his eyes, or otherwise move. He observed the surgeon pick up something shiny and felt intense pain when the surgeon made apparently what was a surgical opening of the chest cavity. He further felt great pressure apparently when a rib separator was applied to open the rib cage in order to allow the surgeon to reach the lung. At this point, Turner passed into unconsciousness and experienced no further operative pain. As a result of the failure to render him unconscious prior to the operation, Turner and his wife brought this complaint for medical malpractice by the anesthesiologist, Malone. The jury, following the submission of evidence by both plaintiff and defendant and a lengthy charge to the jury, returned a verdict for Dr. Malone and against Turner and his wife. Turner brings this appeal based upon four asserted errors but does not urge the insufficiency of the evidence to support the verdict. *Held*:

1. Dr. Malone called as an expert anesthesiologist, a Dr. Smith. During cross-examination of this witness, a question was asked if Dr. Smith had been in some form of partnership with Dr. Malone. Smith

replied that at the time of this operation he had formed some form of partnership with several anesthesiologists. There was no showing what the arrangement contemplated — whether it was a case sharing, financial participation in each other's business, or just what the arrangement might have been. At the close of all the evidence, Turner submitted an additional requested charge dealing with the credibility impact that a financial interest in the outcome of the case might have upon Dr. Smith's testimony. The trial court refused this specific charge but charged fully on credibility including a caveat to the jury to consider the interest that Smith might have in the outcome of the trial upon his credibility as a witness. Turner asserts error in the refusal of this particularized charge on credibility.

We find no error under the circumstances of this case. The nature of the "partnership" was disputed, and Dr. Smith's testimony was equivocal as to even the existence of such an arrangement but agreed that he did have some sort of arrangement with several anesthesiologists and possibly with Dr. Malone.

The requested charge was at best argumentative because it assumed as fact that Dr. Smith had a financial arrangement with Dr. Malone. Such facts were not before the jury. The court properly may refuse to give an argumentative charge. *Ford v. Pinckney*, 138 Ga. App. 714, 716 (227 SE2d 430). Moreover scrutinizing the charge as a whole, it is clear that the requested charge was substantially included in the general charge upon the issue of credibility. When viewing a charge for error, the charge should be considered as a whole. When the requested charge is included in substance in the otherwise correct charge of the court, there is no error in the denial of the specific request. *Shirley v. State*, 245 Ga. 616, 619 (266 SE2d 218); *Ford v. Pinckney*, supra, p. 716.

2. Prior to the submission of evidence, Dr. Malone moved in limine to suppress the showing of a medical training film showing a surgical removal of part of a lung. This film was made in a Canadian hospital and showed the procedures used in that operation from the viewpoint of the surgeon for the training of other surgeons. Dr. Malone objected to the movie on the ground the operation was of a different type than that performed upon Turner and was presented from a different viewpoint than that of a patient in a malpractice suit. The trial court sustained the motion and Turner was not allowed to show the film to the jury.

We find no error in the exercise of discretion by the trial court in excluding this film. While we might not have faulted the court had it admitted the film for the purpose advocated by Turner, we likewise cannot fault the court for finding the similarity between the two procedures too conjectural or remote to have sufficient probative value to outweigh its remoteness or lack of relevancy. See *Eiland v. State*, 130

Ga. App. 428, 429 (203 SE2d 619). See also *Reed v. Heffernan*, 171 Ga. App. 83, 85 (318 SE2d 700).

Moreover, in the face of a finding of no liability on the part of Dr. Malone, any value that might have been inherent in the film to show pain and suffering on the part of Turner was made irrelevant. Accordingly, for this reason also there was no error in rejecting the film. *Teal v. Parrish*, 169 Ga. App. 217 (311 SE2d 863).

3. Turner argues in his third enumeration of error that the trial court erred in failing to allow Turner's expert to testify that when he (the expert) was presented a non-meritorious case he would not accept employment as an expert in that case.

When this evidence was offered, counsel for Malone objected on the ground that the purpose of such testimony was solely to bolster the credibility of the witness even before the witness' credibility might have been attacked.

We find no error in the rejection of this evidence. It is clearly the prevailing rule of evidence and especially in this state that a party cannot support the testimony of his own witness by supportive analogies or extrinsic facts where the witness' veracity or credibility has not been attacked. *Anderson v. Southern R. Co.*, 107 Ga. 500 (33 SE 644). See *Hornsby v. State*, 139 Ga. App. 254 (228 SE2d 152).

4. In his last enumeration of error, Turner contends the trial court erred in charging the jury that he had to show a causal connection between the injury and the damages and that by an expert witness.

In this state in cases involving misfeasance by a professional, it has been the rule that the causal connection between tort and injury must result from the negligence of the professional and as the procedure is of a professional nature, the characterization of the professional conduct must be by one possessing sufficient expertise in that discipline. In substance that was the nature of the charge given by the trial court. At the pre-charge conference, this charge was submitted to the court, discussed, and passed (as given) by Turner without objection. Only after the charge had been given to the jury did Turner's counsel apparently change his mind and voice an objection; a right which, however, he possesses. See *Brown v. Sims*, 174 Ga. App. 243, 244 (1) (329 SE2d 523).

The charge as given was substantially an echo of the extant law on the subject. *Maddox v. Houston County Hosp. Auth.*, 158 Ga. App. 283, 284 (279 SE2d 732); *Parrott v. Chatham County Hosp. Auth.*, 145 Ga. App. 113, 115 (243 SE2d 269). We find the charge to the jury appropriate as given and thus without error.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

Decided September 3, 1985 —
Rehearing denied September 24, 1985.

William Q. Bird, for appellants.
Michael T. Bennett, Arnold E. Gardner, for appellees.