## 70930. HOWARD et al. v. ESTATE OF JULIUS HOWARD.

(335 SE2d 171)

McMurray, Presiding Judge.

Carl C. Brown, Jr., administrator of the estate of Julius Howard, deceased, filed an application in the Probate Court of Burke County for leave to sell real property belonging to the estate at private sale. All interested persons were ordered to show cause, on or before December 3, 1984, why the application should not be granted. On December 3, 1984, the probate court entered the following order: "The above matter having come on regularly to be heard, and upon motion of the Court, this matter is continued until the 13th of December, 1984." Thereafter, on December 13, 1984, an order was entered by the probate court which reads, in part:

"The petition of CARL C. BROWN, JR., as Administrator of the estate of JULIUS HOWARD, deceased, for leave to sell certain real property of said estate for the purpose of the payment of the debts of said estate and for distribution having been duly filed, and it appearing that citation was duly issued and that a copy of said petition and citation was served personally on all the heirs-at-law who reside within the State . . . and was served by registered or certified mail on all the heirs-at-law who reside without the State in accordance with the law, that citation was published once a week for four weeks . . . and after consideration of the evidence presented in this Court, it appearing that the proposed transaction is fair and in the best [interest] of said estate;

"It is hereby ordered that the said CARL C. BROWN, JR., is authorized to sell at private sale, to EAGLE MOUNTAIN RESORTS, INC. for the sum of FOUR HUNDRED FIFTY ($450.00) per acre the following described real property of the estate of JULIUS HOWARD, deceased . . ."

An appeal was taken by appellants (a number of the heirs-at-law of Julius Howard) to the Superior Court of Burke County. The administrator moved for summary judgment. In support of his summary judgment motion, the administrator filed an affidavit in which he averred: "That on the 8th day of September, 1983, affiant was appointed administrator of the estate of Julius Howard in the Probate Court of Burke County, Georgia. Affiant has examined the title to the real property of the estate, consisting of approximately 670.96 acres, and has determined that there are fifty-five (55) persons who may be heirs [at] law of the decedent and who may own an interest in said property. The estate of Julius Howard contains no other assets that have been located by affiant other than said real property . . . That for the purpose of paying debts, effecting a distribution of the assets of the estate and relieving certain of the heirs of the estate from financial hardships that they are undergoing, it is necessary to sell the

real property of the estate or a portion of it . . . That on the 2nd day of November, 1984, affiant made application to the Probate Court of Burke County, Georgia for leave to sell at private sale approximately one-half (½) of the real property contained in the estate of Julius Howard for the sum of Four Hundred Fifty Dollars ($450.00) per acre . . . That on the 19th day of December, 1984 affiant closed the sale of the real property pursuant to the order granting leave to sell . . . That the sales transaction entered into by affiant is fair and in the best interest of the estate. The price realized is the fair market value of said property . . . No one, including the heirs of the estate, has expressed an interest in purchasing said property for the price obtained in this sale . . ."

Following a hearing, the superior court granted the administrator's motion for summary judgment on April 3, 1985. In so ruling, the court observed: "The affidavit in opposition to the Motion for Summary Judgment is given by the Attorney of record for the plaintiff[s] and does not show affirmatively that it is given upon facts within the personal knowledge of the affiant and that he is competent to testify to the matters stated therein. THEREFORE, there are no . . . genuine issue[s] as to any material fact, and Defendant is entitled to judgment as a matter of law." This appeal followed. A review of the record fails to disclose the presence of an affidavit filed by appellants in opposition to the administrator's summary judgment motion. Upon inquiry, the superior court clerk, by certificate, informed this court that an affidavit opposing the administrator's motion for summary judgment has not been filed in that court.

In their sole enumeration of error, appellants contend the superior court erred by "ignoring arguments of [appellants] that they were denied due process in the Probate Court, which in effect denied [appellants] due process in the Superior Court." In this regard, appellants argue that they "desired to object to the sale of their land [in the probate court], but were not given proper notice and were denied the opportunity to be heard . . ." In an affidavit, dated June 10, 1985, attached to appellant's brief filed in this court, counsel for appellants averred: "That on November 28, 1984, he telephoned the Judge of the Probate Court of Burke County, Mary O. Herrington, saying that his clients objected to the petition for leave to sell their land and wished to continue the scheduled hearing from December 3, 1984, to December 17, 1984; . . . That Judge Herrington agreed to the continuance to December 17, 1984; . . . That on December 4, 1984, affiant was informed by one of his clients, Annie Stephens, that the hearing was scheduled for Saturday, December 15, 1984; . . . That affiant and many of his clients appeared on Saturday morning, December 15, 1984, for the purpose of objecting to the sale, and were presented by Judge Herrington with a copy of an order granting the sale, this order

having been signed on December 13, 1984; . . . That neither affiant nor any of his clients were notified in any manner of a hearing scheduled for December 13, 1984." *Held:*

It is axiomatic that the burden of showing harmful error is on the appellant; and that the appellant must show such error by the record. This court cannot rest its decision upon evidence or assertions appearing in the briefs of counsel. Only errors which appear in the record sent to this court by the clerk of the court below can be considered and corrected. *Jenkins v. Bd. of Zoning Appeals,* 122 Ga. App. 412, 413 (2) (177 SE2d 204); *York v. Miller,* 168 Ga. App. 849, 850 (310 SE2d 577).

In the case sub judice, a review of the record transmitted by the clerk of the court below does not demonstrate that appellants were denied the opportunity to be heard in the probate court. Appellants have failed to carry their burden of showing harmful error.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 18, 1985.

*Hobart E. Early, Alexander J. Repasky,* for appellants.
*Leon Larke,* for appellee.