74504. SPICEWOOD, INC. v. DYKES PAVING &
CONSTRUCTION COMPANY, INC. et al.
(364 SE2d 298)

McMURRAY, Presiding Judge.

Dykes Paving & Construction Company, Inc. (Dykes) entered into a contract with Spicewood, Inc. whereby Dykes agreed to furnish all labor, equipment, and material to perform certain work described as asphalt paving, curb and gutter, clearing, grading, erosion control, sanitary sewer, storm sewer, and waterline installation for a construction project. Dykes then contracted with Ferro Grading Company, Inc., to do a portion of the work it had contracted for with Spicewood, Inc. Ferro Grading Company, Inc., in turn contracted some of its

work to Ferro Pipeline Company, Inc.

A dispute arose between Dykes and Spicewood, Inc. as to the proper performance of their contract resulting in Spicewood, Inc., declaring its contract with Dykes breached and informing Dykes that it would make arrangements to complete the contract.

Subsequently, Ferro Grading Company, Inc. sued Dykes on their contract and Dykes filed its answer and counterclaim. Spicewood, Inc. then intervened as a defendant filing its answer, counterclaim and cross-claim. Dykes added its cross-claim against Spicewood, Inc. Following a jury trial a verdict was returned in favor of Ferro Grading Company, Inc. against Dykes on both its claim and Dykes' counterclaim. As to Dykes' cross-claim against Spicewood, Inc. the jury returned an award of "$63,379.63 with interest to be awarded on $58,756.85 . . ." from a specified date. On Spicewood, Inc.'s cross-claim against Dykes a verdict in favor of Dykes was returned.

Spicewood, Inc. moved for a new trial on several grounds including that the trial court erred in submitting to the jury documentary evidence that had not been admitted into evidence by the trial court. Spicewood Inc.'s motion for new trial was denied and this appeal followed. *Held*:

1. On appeal Spicewood, Inc. again contends the trial court erred in submitting to the jury documentary evidence that had not been admitted into evidence by the trial court. Dykes does not deny that the exhibits at issue were submitted to the jury but contends that they were tendered and admitted without objection. However, we may not rely on these assertions contained in the briefs of the parties but must look to the record sent up by the clerk of the trial court to determine if there is harmful error. *Desai v. Safeco Ins. Co.*, 173 Ga. App. 815, 817 (328 SE2d 376); *Continental Ins. Co. v. Carter*, 171 Ga. App. 162 (318 SE2d 770); *Howard v. Estate of Howard*, 176 Ga. App. 86, 88 (335 SE2d 171).

In the transcript of the trial, Dykes' Exhibit No. 30 is identified as a bill prepared by Dykes and sent to Spicewood, Inc. after Dykes was told to leave the job. The complete transcript of the trial does not suggest that this exhibit was tendered or admitted into evidence. On page three of this bill appears a list of items billed which are collectively identified as "Extra work requested by Ferro Pipeline" and which are added together to provide a total of $4,622.78.

Spicewood, Inc. points out that this number ($4,622.78) does not appear in the record other than on Exhibit 30. Spicewood, Inc. also points out that the record does not contain the amount of $58,756.85 which was awarded as liquidated damages, yet that amount of liquidated damages is the remainder when the referenced amount from Dykes' Exhibit 30 is subtracted from the amount awarded of $63,379.63. As our examination of the record, other than Dykes' Ex-

hibit 30, does not disclose evidence suggesting a verdict for liquidated damages in the amount returned by the jury and the low probability of a coincidence (the probability of the jury randomly selecting an identical six digit number is one in a million) we conclude that the record supports Spicewood, Inc.'s assertion that Dykes' Exhibit 30 was utilized by the jury in reaching their verdict. At the same time we find no corroboration of Dykes' assertion that its Exhibit 30 was tendered and admitted.

Documents upon which a party rests his case must be offered into evidence. It is error to permit the trier of fact to consider documents which have not been tendered or admitted into evidence. *Stanley v. Stanley*, 138 Ga. App. 560 (226 SE2d 800). We reject Dykes' argument that any error was harmless as the erroneously considered evidence was incorporated into and is reflected in the jury's verdict. Thus, the trial court erred in denying Spicewood, Inc.'s motion for new trial and enumerations 1 and 4 are meritorious.

2. In view of our holding in Division 1, enumerations of error 2, 3 and 5 are moot.

3. Enumerations of error 6, 7 and 8 contend error in the trial court's sustaining objections to questions propounded by Spicewood, Inc. to its expert witness. The objections sustained at trial address the proper form of a hypothetical question or attempts to elicit testimony as to the ultimate issue to be determined by the jury. On appeal Spicewood, Inc. appears to suggest that it was required to examine the expert witness only through the use of hypothetical questions and that the expert witness was not allowed to testify on the basis of facts he had observed. Thus, the factual predicate of Spicewood, Inc.'s argument on these enumerations does not appear in the record. These enumerations of error are without merit.

4. Spicewood, Inc.'s remaining enumerations of error (9, 10, 11, 12, 13) involve the trial court's refusal to give all or portions of certain requested charges to the jury. In each instance the requested charge or portion thereof was properly refused because the principle involved was substantially covered in the court's general charge, the requested language was not adjusted to the evidence, or the requested language was argumentative. See *Turner v. Malone*, 176 Ga. App. 132 (1), 133 (335 SE2d 404).

*Judgment reversed. Birdsong, C. J., Banke, P. J., Carley, Sognier, Pope and Benham, JJ., concur. Deen, P. J., concurs specially. Beasley, J., concurs in part and dissents in part.*

DEEN, Presiding Judge, concurring specially.

While concurring otherwise with the majority opinion, I cannot agree fully with the mathematical methodology or the arithmetical accuracy that "the probability of the jury randomly selecting an identi-

cal six digit number is one in a million."

BEASLEY, Judge, concurring in part and dissenting in part.

I respectfully dissent with respect to Division 1, although I concur in Divisions 3 and 4.

1. As to Division 1, there are three reasons why a new trial is not necessary.

First. At oral argument the parties indicated that a hearing had been set before the trial court on Dykes' motion to correct the record, pursuant to OCGA § 5-6-41 (f), with respect to the two exhibits. The hearing was held thereafter and a supplemental record and transcript thereof has now been filed.

The motion to correct the record sought to have the record reflect that the two exhibits, which were invoices of September 23, 1982 and December 3, 1982 sent by Dykes to Spicewood, were admitted in evidence. The court found that they were not in fact ruled admitted but that there had been a great deal of testimony about each one. It declined to grant the motion. It stated, however, that it had directed counsel at the end of the case to go over the documents and be sure that those to be sent to the jury comprised all of the proper ones. Dykes' attorney spoke up to confirm this. It is undisputed that appellant Spicewood participated and registered no objection to these two documents being sent out.

In my opinion, Spicewood waived formal judicial admission of the documents in permitting the jury to deliberate with them in hand, without registering any objection until after trial. Analogous is *Chieffe v. Alcoa Bldg. Prods.*, 168 Ga. App. 384 (2) (309 SE2d 167) (1983), where no objection was made during trial. The point is, there is no ruling by the trial court in this regard for us to review.

Second. The record shows that there was a great deal of testimony about these documents and their contents, and the figure which was awarded to Dykes against Spicewood, $63,379.63, was testified to repeatedly as the net amount due. So the documents were cumulative in this respect. See *Crosswell v. Arten Constr. Co.*, 152 Ga. App. 162, 165 (2)-166 (262 SE2d 522) (1979); *McArthur v. Roadway Express*, 109 Ga. App. 30, 31 (1) (135 SE2d 67) (1964). The jury awarded this amount but permitted prejudgment interest only on $58,756.85, apparently denying prejudgment interest on the amount Ferro had requested from Dykes for extra work. Ferro's invoices were in the record. Thus it does not appear that the evidence on which the prejudgment interest was based was not submitted to the jury other than by the two exhibits. The date from which prejudgment interest was to run, August 11, 1982, was demonstrably not derived from these exhibits, because it does not appear on them, so they were not its source.

Third. Spicewood has shown no harm. The fact which the majority points out was impermissibly derived by the jury from the exhibits, i.e., the amount for Ferro's extra work, redounded to Spicewood's benefit rather than to its prejudice. Instead of awarding prejudgment interest on the whole amount due, the jury limited it to a smaller amount, in Spicewood's favor. "Appellant must show harm as well as error to prevail." *Pope v. Propst*, 179 Ga. App. 211, 217 (10) (345 SE2d 880) (1986).

2. With respect to enumerations of error numbers 2, 3 and 5, insofar as they go beyond the question dealt with above, I find no reversible error.

DECIDED DECEMBER 4, 1987 —
REHEARING DENIED DECEMBER 18, 1987 —

*Neil L. Heimanson*, for appellant.
*Kenneth W. Carpenter, Stephen Gibbs*, for appellees.