Hiram HOWARD, Plaintiff,

v.

Carl C. BROWN, Jr. and the Probate
Court of Burke County, Defendants.

No. CV188-042.

United States District Court,
S.D. Georgia,
Augusta Division.

Nov. 23, 1988.

ORDER

EDENFIELD, Chief Judge.

Before the Court are the motion to dismiss of defendant Carl C. Brown, Jr., the motion for summary judgment of defendant Probate Court of Burke County, and the motion of plaintiff for a stay or to dismiss without prejudice. For the reasons set forth below, plaintiff's motion is DENIED and defendants' motions are GRANTED.

I. Background

Defendant Carl C. Brown, Jr. was appointed administrator of the estate of Julius Howard on May 2, 1983, by Mary O. Herrington, Judge of Probate Court, Burke County, Georgia. The majority of the estate was apparently comprised of land situated in Burke County. On December 31, 1984, the Probate Court entered an order approving defendant Brown's petition to sell three hundred acres of this land. There is some disagreement among the parties as to whether heirs of the estate objected to this Probate Court order, but in any event the heirs appealed the order to the Superior Court of Burke County, which upheld the administrator's actions, and to the Georgia Court of Appeals, which affirmed the judgment of the Superior Court.

*See Howard v. Estate of Julius Howard,* 176 Ga.App. 86, 87, 335 S.E.2d 171 (1985).

Not satisfied with the disposition of the state court action, plaintiff Hiram Howard, an heir of Julius Howard, has brought this action alleging that he and other heirs have been deprived of their rights to due process and equal protection of the law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. Plaintiff claims that, in selling property from the estate at below market value and in failing to document legal fees that he has recovered from the estate, defendant Brown has acted under color of state law in taking the property in violation of the Constitution. Plaintiff claims that defendant Probate Court of Burke County refused to consider objections of the heirs to the sale of property from the estate and refused to hold a hearing on the matter or to consider the heirs' petitions.

## II. Claims Against The Administrator

■ Defendant Brown has moved the Court to dismiss on several grounds. Brown claims that, by failing to submit certain prefiling information and to respond to the Court's standard interrogatories and by failing to associate counsel who is a member of this Court's bar, plaintiff has failed to comply with the Local Rules of this Court. Plaintiff's only response to this motion has been to agree to a dismissal without prejudice. It appears that, by not responding to the standard interrogatories, *see* Local Rules, Section I, Rule 8.6, and by failing to associate counsel who is a member of this Court's bar, *see* Local Rules, Section IV, Rule 4, plaintiff has indeed failed to comply with the Local Rules of this Court. *See* Fed.R.Civ.P. 83. Such failures warrant dismissal; however, there are other reasons why this action should be dismissed.

Brown claims that in his capacity as administrator and counsel for a private estate he was not acting "under color of state law," and that there could have been no denial of due process in this case because there existed adequate postdeprivation remedies.[1] The Court will give plaintiff the benefit of the doubt and assume that plaintiff intended to plead a violation of 42 U.S.C. § 1983 in addition to his allegations of Fifth and Fourteenth Amendment violations.

Clearly, a private individual cannot be liable under § 1983 unless he or she acted "under color" of state law, and the Supreme Court has consistently held that conduct allegedly causing a deprivation of a federal constitutional right must be fairly attributable to a state. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). Because the due process and equal protection clauses limit only the power of government, plaintiff must make a showing of state action in order to prevail on his claim against Brown.

■ Plaintiff has made no argument and there appears to be no precedent for the proposition that defendant Brown, acting in his capacity as estate administrator, was somehow clothed in the power of the state. Indeed, the only authority which speaks to this issue indicates that plaintiff has failed to allege state action as to defendant Brown. *See, e.g., Loyd v. Loyd,* 731 F.2d 393, 402 (7th Cir.1984) (administrator of estate does not act under color of state law); *Ganoe v. Lummis,* 662 F.Supp. 718, 722 (S.D.N.Y.1987) (action taken by administrator of estate not state action), *aff'd mem.,* 841 F.2d 1116 (2d Cir.), *cert. denied,* 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 886 (1988). The Court is convinced that, at least as to the allegations set forth in the complaint, defendant Brown did not act under color of state law, and there was no constitutional violation on which to premise federal jurisdiction.

## III. If You Lose Your Case, Sue The Court

Defendant Probate Court of Burke County has moved for summary judgment on several grounds.[2] Defendant claims that

---

**1.** Plaintiff has made essentially no response to these assertions.

**2.** The Court is aware that, because summary judgment is a "lethal weapon, depriving a litigant of a trial on the issue, caution must be used

the Probate Court is not a legal entity which can be the subject of suit under the law of the State of Georgia, and that this action is barred by the doctrines of *res judicata* and collateral estoppel.

■ The Supreme Court has long held that a federal court has no jurisdiction to administer an estate or entertain an action that would interfere with probate proceedings pending in a state court or with property controlled by a state probate court. *See Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946). Mindful of this limitation on federal jurisdiction, the Court inquires whether the Probate Court of Burke County can be sued in this court.

■ The capacity of the defendant to be sued in this court is determined by the law of the State of Georgia. Fed.R.Civ.P. 17(b). The Georgia Supreme Court has determined that in every action there must be "a legal entity as the real plaintiff and the real defendant." *Georgia Insurer's Insolvency Pool v. Elbert County,* 258 Ga. 317, 368 S.E.2d 500, 502 (1988). Georgia recognizes only three categories of legal entities: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons *as the law recognizes* as being capable." *Id.* 368 S.E.2d at 502 (emphasis added) (quoting *Cravey v. Southeastern Underwriters Association,* 214 Ga. 450, 453, 105 S.E.2d 497 (1958)). Clearly, defendant Probate Court is neither a natural nor an artificial person, and even

if it could be considered a quasi-artificial person, the law of Georgia does not recognize it as being capable of being sued. A court is not subject to suit in its own name absent express statutory authority, and there is none in Georgia.

This results logically from the nature and function of courts within our society. A court is defined, not as a person or quasi-artificial person, but as "a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law." *United States v. Todd,* 158 U.S. 278, 15 S.Ct. 889, 39 L.Ed. 982 (1895) (quoting Justice Story's opinion in *United States v. Clark,* 25 F.Cas. 441 (C.C.D.Ma. 1813).

Because the Probate Court of Burke County is not a legal entity subject to suit, defendant prevails on its motion for summary judgment. Even if the Probate Court were subject to suit, this Court would decline to adjudicate the merits of the present claim. Plaintiff asks for a motion to stay, pending the outcome of further proceedings in state court, and plaintiff concedes that the issues at stake in this action continue to be considered in state court through his appeal of a recent Probate Court ruling to the Superior Court of Burke County. Furthermore, plaintiff's claims were already considered and resolved in part. *See Howard v. Estate of Howard,* 176 Ga.App. 86, 335 S.E.2d 171 (1985).

to ensure only those cases devoid of any need for factual determinations are disposed of by summary judgment." *Tippens v. Celotex Corp.,* 805 F.2d 949, 953 (11th Cir.1986). As the parties seeking summary judgment, defendants bear "the exacting burden of demonstrating that there is no dispute as to any material fact in the case." *Warrior Tombigbee Transp. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir.1983). All reasonable doubts about the facts are to be resolved in favor of the non-movant, although "the non-moving party ... bears the burden of coming forward with sufficient evidence of every element that he or she must prove." *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1528 (11th Cir.1987). *See also Young v. General Foods Corp.,* 840 F.2d 825 (11th Cir.1988); *Livernois v. Medical Disposables, Inc.,* 837 F.2d 1018, 1022 (11th Cir.1987). Moreover, if the record

presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. *Clemons v. Dougherty County,* 684 F.2d 1365, 1369 (11th Cir.1982).

Of course, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (emphasis in original). At the summary judgment stage, the court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is an issue for trial." *Id.* at 249, 106 S.Ct. at 2510. *See also McKenzie v. Davenport–Harris Funeral Home,* 834 F.2d 930 (11th Cir.1987). The case *sub judice* presents no issue for trial.

The Court believes that the doctrine of *res judicata* would bar this suit. *See Wilson v. Auto–Owner's Ins. Co.*, 791 F.2d 886 (11th Cir.1986). Moreover, the implications of allowing plaintiff to go forward are too disturbing to ignore. In essence, plaintiff objected to the performance of the estate administrator, tried to resolve the dispute through the state court system and lost, fair and square. Because plaintiff dislikes the result of the state court proceeding, he wants another chance to prevail and so brings an action in this court against the other court. The absurdity of such a tactic is obvious.[3]

### IV. Due Process

Finally, there was no denial of due process in this case. Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mulane v. Central Hanover Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). There is no indication that plaintiff was not afforded due process. Plaintiff's claims were fully litigated in state court. Plaintiff dislikes certain actions taken by the administrator, and because his state court challenge to those actions failed, he claims denial of due process. Still, an unfavorable result is not the equivalent of a denial of due process.

### Conclusion

For the foregoing reasons, the motion of plaintiff for a stay or to dismiss without prejudice is DENIED, the motion to dismiss with prejudice of defendant Carl C. Brown, Jr. is GRANTED, and the motion for summary judgment of defendant Probate Court of Burke County is GRANTED.

SO ORDERED.

---

**3.** The Court notes that if such a procedure became a standard litigation tool, the federal courts would carry a burden that would dwarf the load of cases that presently result from

diversity jurisdiction, and there is nothing to indicate that the interests of justice would be further served.